■ In the Matter of DAVID KING, Respondent, v CATHERINE KING, Appellant. (And Another Related Proceeding.)—Weiss, J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered September 1, 1988, which, *inter alia,* granted petitioner's application, in two proceedings pursuant to Family Court Act article 6, for custody of the parties' children.

In February 1987, petitioner commenced an action for divorce at which time respondent departed the marital residence with the parties' three children. By order dated April 8, 1987, Supreme Court granted temporary joint custody of the children and awarded primary physical custody to respondent. On February 17, 1988 petitioner moved within the divorce action for an order of custody, which motion Supreme Court referred to Family Court. Thereafter, petitioner filed a Family Court custody petition on March 4, 1988 and respondent cross-petitioned for custody on April 7, 1988. After a hearing, sole custody of the children was awarded to petitioner. Respondent now appeals.

Respondent, by attacking the credibility of the witnesses, contends that the custody award is without evidentiary support in the record. We disagree. Clearly the parties' antagonism toward one another and their inability to communicate concerning the children made joint custody inappropriate (see, Braiman v Braiman, 44 NY2d 584, 589-590, 591). The record reveals an abusive and unstable environment in respondent's home, including inappropriate physical chastisement by respondent's live-in boyfriend. The paramount concern where a change in child custody is sought is the best interests of the children (Eschbach v Eschbach, 56 NY2d 167, 171-173). Here the record shows that petitioner has a comfortable, clean home environment with which the children are familiar. The home is in close proximity to the children's maternal grandparents, who are friendly and cooperative with petitioner. While petitioner's work hours are less than ideal, he has steady and secure income from a long-time job as a State Correctional service guard and has stable baby-sitting arrangements. We find ample basis within the record to sustain Family Court's determination, particularly as the court had the advantage of viewing the witnesses and weighing their credibility (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Eschbach v Eschbach, supra, at 172; Matter of Schwartz v Schwartz, 144 AD2d 857, 859, lv denied 74 NY2d 604; see also, Matter of Amy J. v Brian K., 161 AD2d 1022).

Order affirmed, without costs. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.