■ In the Matter of DAVID B. CLARK, Respondent, v NICOLE M. WILLIAMS, Appellant. (And Another Related Proceeding.)

[645 NYS2d 160] —Mercure, J. Appeal from an order of the Family Court of Schoharie County (Lamont, J.), entered May 26, 1995, which, *inter alia*, granted petitioner's applications, in two proceedings pursuant to Family Court Act article 6, for sole custody of the parties' child.

The parties are the parents of a son, born out of wedlock in January 1992. An order of filiation and support was entered in April 1992. Following the child's birth, the parties resided in separate residences in the community of Grand Gorge, Schoharie County, with respondent having informal physical custody and petitioner, by agreement, taking advantage of liberal visitation opportunities. In September 1994, however, without discussing her plans or informing petitioner of her whereabouts, respondent relocated with the child to Connecticut. As a result, petitioner commenced a proceeding pursuant to Family Court Act § 651 seeking the return of the child to New York and an order granting him physical custody. Respondent cross-petitioned for custody and for permission to relocate with the child to Connecticut. Following a hearing, Family Court awarded petitioner custody of the child, subject to liberal visitation rights granted to respondent, and enjoined either party from removing the child to a site more than 50 miles distant from Grand Gorge without the express written consent of the other. Respondent appeals.

We affirm. Although Family Court determined that there were no exceptional circumstances under the now-defunct "relocation rule", which employed a three-step analysis beginning with the question of whether the proposed relocation would deprive the noncustodial parent of regular and meaningful access to the child (*see, e.g., Matter of Lake v Lake*, 192 AD2d 751), it nevertheless expressly founded its decision on the basis of the child's best interest, the very standard prescribed by the Court of Appeals in *Matter of Tropea v Tropea* (87 NY2d 727). Accordingly, we need not remit the matter to Family Court for a reconsideration of the matter in light of the current law (*compare, Matter of Sandman v Sandman*, 228 AD2d 809).

Turning now to the merits, we reject respondent's contention that Family Court erred in its determination that the child's best interest would be better served by an award of custody in favor of petitioner (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94). Because Family Court had the opportunity to assess the credibility of witnesses, we must afford its factual findings considerable deference and will disturb them on appeal only if

they lack a sound and substantial basis in the record (*see, Eschbach v Eschbach, supra,* at 173; *Matter of Hubbard v Hubbard,* 221 AD2d 807, 808-809).

Here, the record provides ample support for Family Court's conclusion that petitioner is a more fit custodial parent. As of the time of the hearing on the petitions, respondent had neither worked nor established any sort of stable residence since she graduated from high school in 1991. Rather than attempt to secure employment, she was satisfied to live on public assistance. She also had a demonstrated history of alcohol and drug abuse, and the fact that she justified her move to Connecticut as an attempt to escape the temptations she faced in Grand Gorge demonstrates both an unwillingness to accept responsibility for her own conduct and an inclination to place her interests above those of her child.

The record also demonstrates that respondent's hope for a "new beginning" in Connecticut may be overly optimistic and that respondent likely lacks the ability to provide for the child's daily needs. In contrast, petitioner and his girlfriend maintain a permanent home, are employed on a full-time basis and have an established network of family childcare providers. In sum, most of the relevant factors, including "each parent's reasons for seeking or opposing the move * * * the degree to which the [mother's] and child's life may be enhanced economically, emotionally and educationally by the move" (*Matter of Tropea v Tropea, supra,* at 740-741), the maintenance of stability in the child's life, the parties' relative fitness, the quality of the home environment and the competence of parental guidance, militated in favor of an award of physical custody to petitioner (*see, Matter of King v King,* 225 AD2d 819; *Matter of Scalia v Scalia,* 217 AD2d 780, 781).

We have considered the additional contentions advanced by respondent and the Law Guardian and find them unpersuasive.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.