■ In the Matter of LEHONE J. KARCHER, JR., Respondent, v KELLIANN BYRNES, Appellant. (And Another Related Proceeding.) [649 NYS2d 484] —Mercure, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered March 31, 1995, which, *inter alia,* granted petitioner's application, in two proceedings pursuant to Family Court Act articles 6 and 8, for custody of the parties' children.

Prior to February 10, 1995, the parties lived together with their two infant children. On that date, the parties had an altercation resulting in police intervention and petitioner's arrest based upon respondent's allegations that he assaulted her and threatened her with a loaded shotgun. Subsequently, the parties cross-petitioned for custody of the children and respondent filed a family offense petition charging petitioner with the commission of acts constituting menacing, reckless endangerment and assault by "repeatedly physically assault[ing] [her] leaving bruises on her chest, face, arm, legs and back areas of her body * * * [and holding] a loaded rifle to her head".

Following a fact-finding hearing, Family Court dismissed the family offense petition on the ground that respondent failed to establish by the requisite standard of proof that a family offense had occurred. Family Court further granted petitioner sole custody of the children on the basis of its conclusion that there was insufficient credible evidence to support findings that (1) petitioner had ever physically abused either of the children, (2) the children would be at risk if placed with petitioner in an unsupervised setting, or (3) respondent had overcome her abuse of marihuana, alcohol and cocaine or could adequately provide for the children. Respondent appeals.

We affirm. At the fact-finding hearing on the family offense petition and the cross petitions for custody, Family Court was presented with sharply conflicting testimony concerning the events of February 10, 1995 and the parties' relative fitness to act as the custodial parent for the children. In his testimony, petitioner flatly denied respondent's claim that he had physically assaulted her in the course of the February 10, 1995 altercation or threatened her with a loaded weapon. Petitioner's testimony was strongly corroborated by the investigating police officer, who identified respondent's sole complaint as an injury to her eye, which he described as a small "red mark", and a support counselor at a domestic violence shelter who testified that she was unaware of any bruises on respondent's body when respondent entered the facility on February 16, 1995. In addition, the record establishes that respondent failed to seek medical treatment for her purported injuries, to present photographic evidence of their existence or to produce witnesses whom she indicated could confirm that she had suffered bruises as a result of the altercation with petitioner. On the issue of custody, a number of witnesses testified concerning respondent's abuse of alcohol and various illegal substances, including marihuana and crack cocaine, and there was no evidence presented to confirm respondent's claims that petitioner had physically abused the children.

Recognizing the deference to be afforded "Family Court's superior vantage point to determine the credibility of witnesses" (*Matter of Esther CC.*, 194 AD2d 949, 951; *see, Matter of Clark v Williams*, 229 AD2d 686, 687-688; *Matter of Guy UU.*, 200 AD2d 852; *cf., Matter of Paul Seth G. v Antoinette M.*, 227 AD2d 620), we are not persuaded to disturb its decision to resolve questions of credibility largely in favor of petitioner. Thus viewed, the record provides ample support for Family Court's determinations that respondent failed to establish the family offense petition by a fair preponderance of the evidence (*see*, Family Ct Act § 832) and that the children's best interest would be served by an award of custody to petitioner (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94; *Matter of Clark v Williams, supra*, at 687-688).

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.