■ In the Matter of GAEL K. BRYANT-BOSSHOLD, Appellant, v BARRY L. BOSSHOLD, Respondent. [648 NYS2d 745] —Mercure, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered January 30, 1995, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' children.

Prior to their separation in April 1994, the parties lived together with their two children, with respondent generally working two jobs in order to support the family and petitioner staying home with the children. Within days of the separation, petitioner filed a petition seeking custody of the children and respondent cross-petitioned for the same relief. Ultimately, and after extensively reviewing the parties' contentions and the evidence adduced at a fact-finding hearing and weighing the parties' past and present fitness and ability, Family Court concluded that it was in the best interest of the children that there be an award of joint custody with respondent having primary physical custody and petitioner enjoying liberal scheduled visitation. Petitioner appeals from the order entered thereon.

We affirm. We are not persuaded by petitioner's primary contention, that Family Court's determination to award respondent primary physical custody of the children is against the weight of the evidence and lacks a sound and substantial basis in the record. Essentially, this contention is founded upon the assumption that petitioner's decision not to work outside the home makes her a superior custodial parent because it permits her to be the one most intimately involved in the children's daily lives. Quite the contrary, " 'a custody determination cannot be based upon any unfounded presumption that a father is a less than satisfactory parent because he is employed while the mother is unemployed' " (*Young v Young,* 212 AD2d 114, 124-125, quoting *Matter of Bogert v Rickard,* 199 AD2d 587, 588-589; *see, Nir v Nir,* 172 AD2d 651, 652-653, *lv dismissed* 78 NY2d 952; *Matter of King v King,* 166 AD2d 750).

We agree with Family Court's conclusion that respondent's lack of "hands on" parenting experience was more than offset by evidence that petitioner raised the children in a hopelessly cluttered environment, meted out inappropriate discipline, made false accusations and initiated baseless proceedings against respondent in order to obtain "questionable" orders of protection, removed the children from this State in order to deprive respondent of meaningful contact with them, and otherwise attempted to sabotage respondent's relationship with the children. Recognizing the deference to be afforded "Family Court's superior vantage point to determine the credibility of witnesses" (*Matter of Esther CC.,* 194 AD2d 949, 951; *see, Matter of Clark v Williams,* 229 AD2d 686, 687-688; *Matter of Guy UU.,* 200 AD2d 852; *cf., Matter of Paul Seth G. v Antoinette M.,* 227 AD2d 620), we are not persuaded to disturb its decision to resolve questions of credibility largely in favor of respondent

and its conclusion that the children's best interest would be served by an award of physical custody to respondent (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94; *Matter of Clark v Williams, supra*).

Petitioner's remaining contentions have been considered and found lacking in merit.

Cardona, P. J., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.