■ In the Matter of MARY A. LICHOROWIC, Respondent, v JOHN A. LICHOROWIC, Appellant. [663 NYS2d 1015] —Crew III, J.

Appeal from an order of the Family Court of Hamilton County (Feldstein, J.), entered September 22, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of a temporary order of protection.

The parties were married in 1979 and have three children. Although not entirely clear from the record, it appears that petitioner commenced an action for divorce in 1994 and, in conjunction therewith, Supreme Court (Parker, J.) apparently issued mutual orders of protection in February 1995. Petitioner subsequently obtained a temporary order of protection from Family Court in April 1995 which, insofar as is relevant to this appeal, directed respondent to refrain from harassing petitioner. Thereafter, in August 1995, petitioner commenced this violation proceeding contending that respondent had violated various provisions of the temporary order of protection. Following a hearing, at which the parties appeared and testified, Family Court determined that respondent willfully violated the temporary order of protection and sentenced him to 45 days in jail. This appeal by respondent ensued.*

We affirm. Family Court Act § 846-a provides, in relevant part, that "[i]f a respondent is brought before the court for failure to obey any lawful order issued under [Family Court Act article 8] and if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order, the court may * * * commit the respondent to jail for a term not to exceed six months". Based upon our review of the record as a whole, we are satisfied that there was sufficient evidence adduced at the hearing conducted in this matter to establish that respondent willfully violated Family Court's April 1995 temporary order of protection by engaging in conduct constituting the family offense of harassment. Respondent's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

* Respondent apparently served approximately one week of his sentence before his motion for a stay pending appeal was granted by a Justice of this Court.