■ In the Matter of JACQUELINE K. GOODMAN, Appellant, v ALAN L. DRAPER, Respondent. [698 NYS2d 103] —Mercure, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered March 17, 1998, which, *inter alia*, granted respondent's cross application, in a proceeding pursuant to Family Court Act article 6, for sole custody of the parties' children.

The parties were married in 1983; they have two children, a son born in 1987 and a daughter born in 1993. In November 1996, at a time when respondent was visiting relatives in Florida, petitioner surreptitiously removed substantially all of the furniture and furnishings from the marital residence, moved with the children to another residence and then commenced this proceeding seeking sole custody of the children. Respondent cross-petitioned for the same relief and, after a 13-day trial, Family Court concluded that it would be in the children's best interests to award respondent sole custody of the children. Notably, Family Court made express findings that the testimony presented by respondent and his witnesses was more credible than that presented by petitioner and many of her witnesses and that the hearing evidence revealed a conscious effort on petitioner's part to influence the children to express a preference for her as custodial parent and to limit respondent's contact with the children. Petitioner appeals from the ensuing order and we affirm.

We reject petitioner's primary contention that Family Court's determination to award respondent custody of the children is against the weight of the evidence and lacks a sound and substantial basis in the record. Ignoring Family Court's adverse credibility determinations and the great weight of evidence mitigating in favor of an award of custody to respondent, petitioner's tactic here has been to focus upon several of respondent's relatively insignificant derelictions, habits and personality traits as support for the thesis that respondent is an inappropriate custodial parent. First, the record provides no basis for a finding that respondent's hobby of betting on horse races has interfered with his family life or otherwise compromised his ability to adequately care for the children. Further, although we are bothered by the fact that respondent once left the children alone at home for an unspecified period of time, at least once referred to his son as a "schmuck" and would sometimes correct his son's eating habits by striking his hand with a fork, we do not view these lapses in judgment as sufficiently egregious to compel an award of custody to petitioner.

Recognizing the deference to be afforded "Family Court's

superior vantage point to determine the credibility of witnesses" (*Matter of Esther CC.*, 194 AD2d 949, 951; *see, Matter of Bryant-Bosshold v Bosshold*, 232 AD2d 762), we are not persuaded to disturb its decision to reject much of the evidence presented by petitioner and its ultimate conclusion that the children's best interests would be served by an award of custody to respondent (*see, Eschbach v Eschbach*, 56 NY2d 167, 171; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93-94; *Matter of Bryant-Bosshold v Bosshold, supra*).

As a final matter, it is our view that Family Court did not err in denying petitioner's request for a forensic evaluation (*see, Matter of Oakley v Oakley*, 263 AD2d 791; *cf., Matter of Tucker v Tucker*, 249 AD2d 643) or, considering the parties' widely divergent child-rearing philosophies and petitioner's demonstrated efforts to undermine respondent's relationship with the children, in refusing to order joint custody.

Petitioner's remaining contentions are either unpreserved for our review or have been considered and found to be unavailing.

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.