■ In the Matter of JUDITH LEIGHTON-RYAN, Respondent, v ROBERT J. RYAN, Appellant. [712 NYS2d 643] —Graffeo, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered September 7, 1999, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of an order of protection.

In May 1999, petitioner obtained a temporary order of protection against respondent, her husband, based on allegations that he threw a glass of water at her, called her a "whore" and threatened to kill her. At the hearing, appearing *pro se*, respondent admitted the allegations. As a result, Family Court issued an order of protection which, in pertinent part, granted petitioner exclusive use and possession of the marital residence, directed respondent to stay away from petitioner, and prohibited respondent from having contact with petitioner except by telephone for the limited purpose of arranging visitation with the children. Respondent was ordered to "refrain from assault, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense against [petitioner and the children]". Although the order was subsequently amended to, *inter alia*, allow respondent to retrieve his personal belongings from the marital residence, the provisions restricting the nature of respondent's contact with petitioner remained in full force and effect.

Petitioner thereafter filed two contempt petitions alleging specific instances when respondent violated the amended order of protection by engaging in improper contact with her. After a hearing at which both parties were represented by counsel, Family Court dismissed some of petitioner's allegations but sustained others, finding that respondent violated the order on six occasions in six weeks. The misconduct included an incident wherein respondent approached petitioner in the courthouse and several instances of telephone contact during which respondent swore at, insulted and berated petitioner for allegedly alienating him from the children and threatened to move back into the marital residence unless petitioner, a homemaker,

was able to pay the mortgage and put a "roof over the head" of herself and their young children. At the conclusion of a dispositional hearing, Family Court imposed a sentence of an aggregate of 204 days in jail, with 180 days suspended, thereby requiring respondent to serve 24 days in jail. Respondent obtained a stay of Family Court's order and this appeal ensued.

"In any Family Court Act family offense proceeding in which a party's failure to comply with a lawful order of protection is alleged, if Family Court 'is satisfied by competent proof that the respondent has willfully failed to obey any such order', it may punish such disobedience by imposing a jail sentence not exceeding six months" (*Matter of Tina T. v Steven U.*, 243 AD2d 863, 864, *lv denied* 91 NY2d 805, quoting Family Ct Act § 846-a; *see, Matter of Lichorowic v Lichorowic*, 241 AD2d 624). We find Family Court's determination that respondent repeatedly violated the amended order of protection to be supported by record evidence.

Respondent's contention that "the order of protection was not sufficiently clear to put respondent on notice of the conduct required of him" is unpersuasive (*see, Matter of Jason MM.*, 245 AD2d 892, 893). At the time the initial order was issued, Family Court reviewed the terms and conditions with respondent, clarifying that he was prohibited from harassing or intimidating petitioner and indicating that "his contact with the petitioner [would] be solely for the purpose of arranging for visitation with the children, and that's only by telephone". Respondent stated that he understood what was required of him. Regardless of how respondent's actions are characterized—whether deemed in violation of the provision limiting telephone contact or the paragraph prohibiting harassment and intimidation—we concur with Family Court that respondent willfully violated both the letter and spirit of the amended order of protection.

Nor did Family Court abuse its discretion in imposing the sentence. As the court was permitted by statute to impose a sentence of up to six months incarceration for each willful act in violation of the order (*see, Matter of Walker v Walker*, 86 NY2d 624; *see also*, Family Ct Act § 846-a), the sentence of 204 days suspended to 24 days falls well within the range which could have been imposed for respondent's six violations. In light of the frequency and nature of the misconduct, which involved repeated contact that served no purpose but to harass and intimidate petitioner, we decline to disturb the length of the sentence imposed.

As for respondent's claim that the sentence will imperil his

employment because it exceeds his vacation time, we note that, although afforded ample opportunity to do so, respondent did not raise this issue at the dispositional hearing and, thus, Family Court did not address it in the order under review. However, in order to avoid jeopardizing respondent's employment as a nurse given that respondent is the family's primary wage earner and he is responsible for child support, we remit this matter so that Family Court may fashion an order of commitment indicating the "certain specified days or parts of days" respondent is to be incarcerated in satisfaction of the sentence (Family Ct Act § 846-a). In so doing, we suggest that the court take into account respondent's available vacation time and consider having the remainder of his sentence served on weekends or days that respondent is not usually scheduled for work.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by remitting the matter to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.