■ JENNIFER AHR, Appellant, v THOMAS McELLIGOTT, Respondent. [761 NYS2d 878] —Crew III, J.P. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered May 17, 2002, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner commenced this proceeding seeking an order of protection on the ground that respondent's conduct toward her constituted the crime of aggravated harassment in the second degree. The allegedly offending conduct included three telephone calls by respondent to petitioner on January 26, 2002 and an unannounced visit to petitioner's residence on January 28, 2002. At the ensuing fact-finding hearing, it developed that during the first telephone call, respondent inquired as to why petitioner had come to his house that morning. Respondent

made the second telephone call to inquire about visitation with his daughter, and the third telephone call dealt with the health status of petitioner's father and respondent. Regarding respondent's visit to petitioner's home, he testified that his purpose was to visit his daughter. Following the hearing, Family Court denied the petition and this appeal ensued.

We affirm. The record does not reflect that respondent's telephone calls were intended to alarm, annoy or harass petitioner (compare Matter of Friedlander v Friedlander, 244 AD2d 812, 815 [1997]). Indeed, petitioner admitted at the fact-finding hearing that the calls did not alarm or annoy her. With regard to respondent's visit to petitioner's home, assuming Family Court credited respondent's testimony, which it obviously did, there was a legitimate purpose for such visit and, as such, it cannot be said that such conduct was intended to alarm, annoy or harass.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.