■ In the Matter of REGINA DRAXLER, Respondent, v MARK DAVIS, Appellant. [783 NYS2d 425]—

Rose, J. Appeal from an order of the Family Court of Saratoga County (Hall, J.), entered September 18, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner commenced this proceeding seeking an order of protection on the ground that respondent's conduct toward her constituted a family offense (*see* Family Ct Act § 812 [1]). She alleged that respondent committed aggravated harassment in the second degree by making three offensive telephone calls in an attempt to coerce her to withdraw her pending application for child support. Following a fact-finding hearing, Family Court found respondent's testimony as to his lack of intent not to be credible and granted the petition, prompting this appeal by respondent.

We note that making a telephone call will constitute aggravated harassment in the second degree when it is made "with intent to harass, annoy, threaten or alarm another person" and is made either "in a manner likely to cause annoyance or alarm" or "with no purpose of legitimate communication" (Penal Law § 240.30 [1], [2]). A single such call can result in criminal liability (*see People v Shack*, 86 NY2d 529, 541 [1995]).

Here, respondent admitted making a telephone call in which he threatened to call the police and child protective services to investigate petitioner. Although respondent claimed to have an innocent purpose in making the call, Family Court simply was unconvinced by his testimony and we will not disturb its credibility determination (*see Matter of Kappel v Kappel*, 234 AD2d 872, 873 [1996]; *Matter of Karcher v Byrnes*, 232 AD2d 760, 761

[1996]). Having rejected respondent's explanation for the call, Family Court did not err in concluding that he acted with the requisite intent to harass, annoy or alarm petitioner (*see Matter of Annie C. v Marcellus W.*, 278 AD2d 177, 177 [2000]; *compare Ahr v McElligott*, 307 AD2d 484, 485 [2003]). Respondent's other contentions, including his insistence that no order of protection is needed on behalf of the parties' daughter, have been considered and found to have no merit.

Crew III, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.