■ In the Matter of JUSTIN J. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARNOLD J., Appellant. [788 NYS2d 193]—

Spain, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered April 7, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to find respondent in willful violation of an order of the court.

Respondent, the father of three children of whom he had custody for most of their lives, resided with his wife, who had custody of her three children from previous relationships. On December 10, 2003, the six children were removed without a court order on an emergency basis (*see* Family Ct Act § 1024) and placed in the custody of other family members or with petitioner.

Thereafter, a neglect petition was filed charging respondent and his wife with, among other things, excessive corporal punishment, failure to adequately supervise, failure to ensure that the children regularly received their prescribed medication

and the use of illegal drugs in their presence or while caring for them. Following a Family Ct Act § 1027 hearing, Family Court issued a preliminary order dated December 12, 2003 directing, among other things, that respondent's children be placed in the custody of their mother, and that respondent and his wife's visitation and communication with their children be arranged by petitioner and supervised, in a caseworker's discretion, by an appropriate adult. Family Court also issued two temporary orders of protection directing respondent and his wife, respectively, to refrain from certain conduct and stay away from the residences where the children were residing. Notably, the orders of protection do not direct that respondent's and his wife's contact with the children be arranged and supervised through petitioner. By violation petition dated February 25, 2004, petitioner alleged that respondent and his wife had willfully violated the preliminary order and orders of protection based upon their unsupervised contact with respondent's 14-year-old son Justin at a shopping mall and movie theater, which a caseworker had not arranged or approved.

At trial on the violation petition, respondent and his wife testified that they had been dropped off at the mall to celebrate his birthday and were in a game room when Justin approached them. They did not plan the contact or know Justin would be there. They were aware of Family Court's directions and told Justin that they were not allowed to be around him and left to go shopping. When they returned to eat at the food court about 40 minutes later, Justin was not there but later approached them and indicated he was hungry and out of money. Respondent gave Justin money for food and Justin purchased food and returned and sat with them to eat. Justin's mother arrived during the meal, spoke with him, and then left him with respondent and his wife. Respondent and his wife thereafter went to see a movie and Justin, who was supposed to see a different movie, followed them into the movie theater and sat near them until his mother picked him up. Respondent partially reported his encounter with Justin to petitioner's caseworker. Justin and his mother did not testify.

Following the trial, Family Court determined that respondent and his wife knew that their unsupervised contact with Justin for several hours was not permitted, and that this conduct constituted a willful violation of the preliminary order. The court imposed a jail sentence of 60 days for respondent and 10 days for his wife. Respondent and his wife were ultimately found to have neglected the children as alleged and respondent consented to his children being permanently placed in the custody of their

mother. Respondent now appeals solely from the violation order, and a Judge of this Court granted a stay of his sentence pending this appeal.

We cannot agree with respondent's primary contention that the December 12, 2003 preliminary order was unclear and failed to advise him that the prolonged unsupervised, unapproved contact such as occurred here would violate that order. The order unambiguously directed that visitation and communication with the children must be arranged by a caseworker and be supervised by an approved adult, in the discretion of the caseworker, and warned that a willful failure to obey the terms and conditions of that order may result in a jail sentence. Respondent's own testimony established that he understood that this contact violated the court order. Thus, we discern no basis upon which to disturb Family Court's determination that respondent violated the preliminary order (*see* Family Ct Act § 156).

We note that Family Court did not find that respondent violated the order of protection, and correctly so. We also note that the order violated was not a dispositional order under Family Ct Act article 10. Thus, Family Ct Act § 1072, upon which the court relied in imposing sentence, is not applicable. Likewise, no petition under Family Ct Act article 8 (family offense proceedings) is involved, thereby rendering Family Ct Act § 846-a inapplicable. Furthermore, while commitment to jail for up to 30 days is authorized for criminal contempt (*see* Judiciary Law §§ 750, 751 [1]; Family Ct Act § 156), given Justin's age, the circumstances surrounding this apparently unplanned, albeit unauthorized contact initiated and pursued by Justin, respondent's uncontroverted efforts to terminate the contact without disregarding his son's feelings and the fact that Justin's mother was aware of the contact, we find that a jail sentence of 60 days is both unauthorized and unwarranted. In our view, respondent's jail sentence should be reduced to the time that he served up until the stay, which is approximately 13 days.

Mercure, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by resentencing respondent to time served; and, as so modified, affirmed.