■ In the Matter of JUSTIN J. and Others, Children Alleged to be Neglected. CLINTON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARNOLD J., Appellant, et al., Respondent. (And Another Related Proceeding.) [808 NYS2d 497]—

Spain, J. Appeals (1) from an order of the Family Court of Clinton County (Lawliss, J.), entered May 28, 2004, which, inter alia, granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected by respondent Arnold J., and (2) from an order of said court, entered May 28, 2004, which, inter alia, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to find said respondent in violation of prior orders of the court.

Petitioner commenced a neglect proceeding (proceeding No. 1) against respondent Arnold J. (hereinafter respondent) and his wife in December 2003 alleging, among other things, their failure to adequately supervise and properly administer prescribed medication to the children, their use of excessive corporal punishment upon the children, and abuse of illegal drugs, including marihuana and crack cocaine, while caring for the children. Six children are the subjects of this proceeding: respondent is the father and had custody of three of the children (born in 1989, 1991, and 1993) and his wife is the mother and had custody of the other three children (born in 1996, 1997, and 1999), and all resided together in the same household.

In December 2003, the children were removed from the household by petitioner pursuant to Family Ct Act § 1024. On the basis of the neglect petition, and after a hearing pursuant to Family Ct Act § 1027, Family Court issued a preliminary order temporarily placing the children outside their home and requiring respondent and his wife to comply with the terms and conditions of temporary orders of protection. In February 2004, petitioner filed a violation petition (proceeding No. 2), alleging that respondent and his wife had violated the terms and conditions of the preliminary orders. After hearings, they were each found to have committed acts constituting neglect—with respect to supervision, failure to give the children their prescribed medication, substance abuse and excessive corporal punishment—and to have violated the preliminary orders. Only respondent has appealed.

Initially, it should be noted that respondent's appeal from the order finding him in violation of the preliminary orders has already been resolved by this Court (*Matter of Justin J.*, 13 AD3d

933 [2004]). Respondent's remaining contention in this appeal is that Family Court erred in finding that he neglected the children.

"[A] party seeking to establish neglect must show, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). Here, numerous indicated reports were received during the hearing evincing that Child Protective Services had repeatedly investigated complaints regarding the well-being of the children in respondent's home and found the complaints to be justified. Although respondent contends that the complaints are too remote in time to be considered, there is sufficient evidence regarding respondent's behavior as recently as November 2003, the month prior to the neglect petition (see Matter of Antonia QQ., 1 AD3d 841, 842 [2003]). Multiple witnesses, including respondent, offered testimony demonstrating that he had committed acts constituting neglect. Respondent admitted to inadequate supervision, to using excessive corporal punishment and that he had smoked marihuana during times he was responsible for caring for the children.

A friend of respondent, called as a witness by petitioner, admitted that he had used drugs with respondent in respondent's house while the children were home and had accompanied him on drug related transactions. The witness also testified that respondent informed him he was going to sell pills, which the witness believed were prescribed for the children. It should be noted that Family Court specifically found this witness's testimony to be credible and corroborative of out-of-court statements made by respondent's son (see Matter of Nathaniel II., 18 AD3d 1038, 1039 [2005], lv denied 5 NY3d 707 [2005]) and factual findings and credibility determinations made by Family Court are afforded great deference where, as here, they are supported in the record (see Matter of Christine II., 13 AD3d 922, 923 [2004]).

Other witnesses described instances during which they either were present when respondent hit one of his children, or suspected that respondent was selling the children's medication. Specifically, a physician testified that he became suspicious when respondent repeatedly informed him that the medication had been stolen, lost, or fallen in a toilet, and the physician

eventually refused to provide prescriptions directly to respondent, instead requesting that a social worker dispense the children's medication. Finally, a preventive services caseworker testified that respondent exhibited "out of control behavior," scared her, and risked the well-being of his children when he chased her in his vehicle, coming within a foot of the back of her car while the children were riding in her back seat. The caseworker also testified that, under respondent's supervision, the children had stuck pencils in one another's ears, drank urine, and constantly suffered from bumps and bruises.

Based on the foregoing, ample evidence was adduced to support Family Court's determination of neglect (*see Matter of Corey C.*, 20 AD3d 736, 737 [2005]).

Cardona, P.J., Crew III, Peters and Kane, JJ., concur. Ordered that the order entered May 28, 2004 finding neglect is affirmed, without costs. Ordered that the appeal from the order entered May 28, 2004 finding respondent in violation of prior orders is dismissed, without costs.