■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. VAN GUILDER, Appellant. [815 NYS2d 337]—

Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered February 24, 2005, convicting defendant following a nonjury trial of the crimes of assault in the third degree, endangering the welfare of a child (two counts), aggravated criminal contempt (two counts), crimi-

nal contempt in the first degree (two counts) and criminal contempt in the second degree (two counts).

Despite the existence of two orders of protection, defendant resumed cohabitation with Sarah Clark and their three children, Alyssa (born in 2000), William Jr. (born in 2001), and Tessa (born in 1997). On June 24, 2003, William Jr. suffered a spiral fracture of his right femur. An 11-count indictment ensued, charging defendant with assault in the second degree (two counts), endangering the welfare of a child (three counts), aggravated criminal contempt (two counts), criminal contempt in the first degree (two counts) and criminal contempt in the second degree (two counts). Following an extensive *Huntley* hearing, County Court denied defendant's motion to suppress his oral and written statements. At the conclusion of a bench trial, defendant was found guilty of assault in the third degree, two counts of endangering the welfare of a child, two counts of aggravated criminal contempt, two counts of criminal contempt in the first degree and two counts of criminal contempt in the second degree. Sentenced to various concurrent terms of imprisonment as a second felony offender, the maximum of which was $3^1/_2$ to 7 years, defendant appeals, raising three arguments.

Initially, defendant contends that his motion to suppress the statements he made to the police should have been granted because he was sedated to the degree that he lacked capacity to understand and waive his Fifth Amendment rights. After banging his head against the cell wall, defendant was taken to a local hospital and administered certain sedatives, first orally and later intramuscularly, and released to police custody. Two hours later, defendant was administered his *Miranda* warnings, waived them, and made certain oral and written admissions to the police. At the *Huntley* hearing, defendant's witnesses testified that the highly sedating drugs administered at the hospital impaired his ability to comprehend verbal and written words. In contrast, the prosecution's expert testified that the medications administered to defendant would not render defendant incapable of understanding his constitutional rights. While the statement of a sufficiently impaired defendant may be suppressed as involuntary, voluntariness is an issue of fact to be determined from the totality of the circumstances by the trier of fact (*see People v Hughes*, 280 AD2d 694, 695 [2001], *lv denied* 96 NY2d 801 [2001]). Here, County Court found that the prosecution's expert opinion was entitled to more weight, as the conclusions offered by defendant's witnesses were beyond their respective areas of training and expertise. When this evidence is coupled with the

testimony of the detective who described defendant as being alert, capable and normal during the interrogation, we conclude that County Court properly determined that defendant understood and competently waived his constitutional rights (*see id.*), and correctly denied defendant's motion for suppression.

Second, defendant contends that his convictions for assault in the third degree and endangering the welfare of a child are not supported by legally sufficient evidence. Following well-established precedent (*see People v Bleakley*, 69 NY2d 490, 493 [1987]; *People v Glanda*, 18 AD3d 956, 958 [2005], *lv denied* 6 NY3d 754 [2005]), with respect to the conviction for assault in the third degree, we reject defendant's contention that the evidence fails to establish facts supporting the required element of recklessness. The prosecution's evidence indicated that defendant picked up his son by his shoulders and "slammed him into the couch" after which the child immediately began to cry. Combined with the testimony of the treating physician that the spiral fracture of the child's leg required significant force, we conclude, after viewing the evidence in the light most favorable to the People, that the evidence is legally sufficient. Defendant's testimony that he simply picked up his son and set him on the couch could properly be rejected by the trier of fact in favor of the prosecution's evidence on this issue. We likewise conclude that the evidence regarding defendant's convictions for endangering the welfare of a child is legally sufficient since the undisputed evidence is that one of defendant's daughters, Tessa, was in the room and observed defendant's actions, which evidence supports the conclusion that his actions were injurious to her physical, mental and moral welfare.

Lastly, we reject defendant's claim that his criminal contempt convictions were improper since his violation of the orders of protection were not willful. Clark's express invitation to defendant to resume cohabitation—in violation of the orders of protection—provides no defense. Defendant admitted knowing that he was not supposed to be at the Clark residence and that he voluntarily resumed cohabitation with Clark and the children. As a consequence, defendant's convictions for various counts of criminal contempt were supported by legally sufficient evidence (*see Matter of Justin J.*, 13 AD3d 933, 934-935 [2004]).

Mercure, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed.