■ In the Matter of CHRISTIAN EE., a Child Alleged to be Neglected. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MARJORIE FF., Appellant. (And Another Related Proceeding.) [822 NYS2d 666]—

Lahtinen, J. Appeal from an order of the Family Court of Warren County (Breen, J.), entered December 19, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

Respondent moved with her child (born in 1994) from Maine to Warren County in April 2005. An investigation following a hotline report resulted in a neglect petition in May 2005 alleging that respondent regularly left the 11-year-old child alone with neither adult supervision nor food while going out drinking, often returned intoxicated and unable to provide proper supervision, failed to enroll the child in school, and used excessive corporal punishment when disciplining the child. A temporary order of protection directed respondent to, among other things, refrain from drinking when supervising the child and not to leave the child alone without appropriate adult supervision. After respondent was arrested in June 2005, petitioner obtained a temporary removal order. Petitioner filed both an amended neglect petition and a petition alleging violation of the temporary order of protection. Family Court found, following a fact-finding hearing, that respondent had neglected the child and had willfully violated the temporary order. Although not included in the record, respondent reportedly consented to placement at the dispositional hearing. Respondent appeals.

A neglected child includes one "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [a] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]; Matter of Antonio NN., 28 AD3d 826, 826 [2006]). The petitioner bears the burden of establishing neglect by a preponderance of the credible evidence (see Nicholson v Scoppetta, supra at 368; Matter of John QQ., 19

AD3d 754, 756 [2005]; *Matter of Jerrica J.*, 2 AD3d 1161, 1162 [2003]). Deference is accorded to the credibility determinations of Family Court, which has the opportunity to view the witnesses as they testify (*see Matter of Nikita A.*, 16 AD3d 736, 737 [2005]; *Matter of Nicole VV.*, 296 AD2d 608, 611 [2002], *lv denied* 98 NY2d 616 [2002]).

A caseworker who responded to the hotline report found the child alone at 12:30 in the morning at the motel where respondent had been provided temporary housing. In an interview with another caseworker, the child related that respondent went out nearly every night leaving her alone, she was not enrolled in school, and respondent disciplined her by slapping, kicking, pulling her hair and throwing things at her. Corroborating evidence included testimony of the manager of the motel where respondent resided that respondent left the child alone at night for five to six hours, up to five times a week. The manager added that, while respondent was away, the child would come to her looking for food. The fact that the child had been in Warren County for about a month without being enrolled in school was not in dispute. Moreover, prior to moving to Warren County, the child had extensive absences from school in Maine. The caseworker who interviewed the child observed bruises on the child's shins and back of her legs in areas where the child stated that respondent had kicked her. Respondent's problem with alcohol was reflected by the fact that, even after the temporary order directed her to refrain from drinking while supervising the child, she consumed such beverages in the child's presence. Review of the record reveals a sound and substantial basis for Family Court's finding and, thus, we affirm. The remaining arguments have been considered and found meritless.

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.