■ In the Matter of Cynthia J. Mauzy, Appellant, v Monte J. Mauzy, Respondent. [834 NYS2d 722]—

Peters, J.P. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered February 10, 2006, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

The parties, still married but living apart since 1998, are the parents of three daughters (born in 1993, 1995 and 1996). Pursuant to a 1999 order, respondent has had sole legal custody of the children, with alternate weekend visitation to petitioner, which she rarely exercised. However, in December 2005, when petitioner had no place to live, respondent let her stay with him and the children on a temporary basis over the Christmas holiday. The two incidents which formed the basis of this proceeding arose from that temporary stay.

The first incident occurred on December 25, 2005, when respondent "cuffed" the eldest daughter in the head in order to break up a fight between the sisters. The second took place on January 3, 2006, when petitioner and respondent were involved in a physical altercation stemming from respondent's attempt to bring firewood into the home. Respondent called the police after that incident, resulting in his arrest. Petitioner commenced

this family offense proceeding, charging respondent with the commission of acts constituting harassment in the second degree, reckless endangerment and assault in the second degree. After both fact-finding and *Lincoln* hearings, the petition was dismissed. Petitioner appeals.

Recognizing that a family offense must be established by a "fair preponderance of the evidence" (Family Ct Act § 832; *see Matter of Karcher v Byrnes*, 232 AD2d 760, 761 [1996]), and that great weight must be given to the trier of fact who is in the best position to assess the credibility of witnesses (*see Matter of Larry v O'Neill*, 307 AD2d 410, 411 [2003]), we affirm Family Court's determination since it is supported by record evidence (*see Matter of Joshua BB.*, 27 AD3d 867, 869 [2006]; *Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]). On Christmas day, respondent interceded in a fight between the children. Respondent testified that he did not think that he hurt the oldest daughter and testimony from the *Lincoln* hearing confirmed his assessment. With petitioner testifying that respondent not only interceded but also slapped their daughter across the face, knocked her down and continued to slap her in the face and head, Family Court properly resolved issues of credibility in favor of respondent.

As to the second incident, Family Court properly concluded that both parties were verbally aggressive toward each other, the incident lasted only seconds and it was precipitated by a disagreement concerning respondent's decision to bring firewood into the home. Although respondent testified that petitioner started the fight by throwing firewood at him and then kicking him near his hernia as he angrily came towards her, the record establishes that when petitioner was asked whether she needed an order of protection, she unequivocally responded that she did not. According deference to Family Court's resolution of this matter, we affirm the dismissal of the petition (*see Matter of Larry v O'Neill, supra* at 411; *Matter of Karcher v Byrnes, supra* at 761).

Spain, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.