■ In the Matter of JEWLE I. and Others, Children Alleged to be Abused and/or Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JULIAN K., Appellant. [844 NYS2d 145]—

Lahtinen, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered November 23, 2005, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and/or neglected.

Respondent is the father of Jewle I. (born in 1989) and Naomi I. (born in 1990), both of whom lived with him. A friend of Jewle, Yasmine J. (born in 1988), resided with them for about a month, from late December 2004 to late January 2005. On January 26, 2005, Yasmine reported to various individuals that, on January 25, 2005, respondent had smoked marihuana with her, exposed his penis to her and pushed her onto a bed where he touched her breasts and vaginal areas. In early February 2005, petitioner commenced this proceeding asserting these and other facts as a basis for abuse as to Yasmine and derivative neglect regarding Jewle and Naomi.

At about the same time the petition was filed, Yasmine disclosed to police that, during the January 25, 2005 incident, petitioner had also pulled off her pants and performed oral sex on her. At a hearing pursuant to Family Ct Act § 1028 held in March 2005, petitioner was permitted by Family Court to conform the pleadings to the proof with regard to the additional incident of alleged oral sex. A fact-finding hearing ensued in June 2005, after which Family Court issued a written decision finding that petitioner sustained its burden of proof. Following a dispositional hearing, Family Court held, among other things, that petitioner could have increased contact leading to unsupervised visitation with his two children based on his progression in various treatment programs. Respondent appeals, contending that Family Court's determination was against the weight of the evidence and that permitting petitioner to amend its pleadings constituted reversible error.

A finding of derivative neglect is appropriate where the evidence as to a directly abused child demonstrates that a respondent's parental judgment is so impaired that the respondent presents a substantial risk of harm to any child in his or her care (*see Matter of Ian H.*, 42 AD3d 701, 704 [2007]; *Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000]). Here, there was evidence that, at various times in January 2005, respondent drank alcohol and smoked marihuana with Yasmine and made sexually suggestive comments to her. According to Yasmine, twice on the morning of January 25, 2005, respondent exposed his penis to her and verbally directed her attention to it. This

occurred while Jewle was in an adjoining room. He then fondled her while Jewle was still in the house and, later, he paid Jewle to go to a store. While she was gone, respondent followed Yasmine upstairs into Jewle's bedroom, fondled her breasts and vagina, pushed her onto a bed, removed her pants and performed oral sex upon her. She claimed that she was telling him to stop and trying to push him away during this time. Respondent testified and denied that any of these events occurred. Both Yasmine and respondent had inconsistencies in their testimony and were subjected to questioning on cross-examination that impugned their credibility. Family Court was faced with difficult credibility determinations. Its assessment of such issues are generally accorded great deference when supported by the record (*see Matter of Christian EE.*, 33 AD3d 1106, 1107 [2006]; *Matter of Justin J.*, 25 AD3d 1031, 1033 [2006]; *Matter of Daniella HH.*, 236 AD2d 715, 716 [1997]). Upon review of the record, and noting some other evidence therein tending to support parts of Yasmine's version of events, we are unpersuaded by respondent's contention that Family Court's determination was not supported by the weight of the evidence. The evidence credited by Family Court established abuse of Yasmine and was sufficient to find derivative neglect since it revealed fundamental flaws in respondent's parental judgment so as to create a substantial risk for Jewle and Naomi (*see generally Matter of Hunter YY.*, 18 AD3d 899, 900 [2005]; *Matter of Tiffany AA.*, 268 AD2d at 819-820).

Finally, we find no abuse of discretion in Family Court permitting evidence regarding the oral sex incident during the fact-finding hearing. Respondent was aware of petitioner's proof in such regard well before the hearing and, in fact, Family Court had permitted such proof at the hearing pursuant to Family Ct Act § 1028 held several months earlier, observing at that time that petitioner could amend its pleadings to conform to the proof. There was no showing that respondent was surprised or prejudiced by this proof, and he did seek further time to prepare a defense to the allegation (*see Matter of Kila DD.*, 28 AD3d 805, 806 [2006]; *Matter of Thomas JJ.*, 14 AD3d 953, 954 [2005]).

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.