■ In the Matter of Boua TT., Respondent, v Quamy UU., Appellant. (And Another Related Proceeding.) [887 NYS2d 323]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered September 10, 2008, which granted petitioner's applications, in two proceedings pursuant to Family Ct Act article 8, for an order of protection.

Petitioner and respondent are the divorced parents of two children, a daughter (born in 2004) and a son (born in 2005).

Their various contentious proceedings included two August 2007 family offense proceedings filed by petitioner alleging, among other things, that respondent struck the oldest child (when she was two years old) with a belt leaving marks on the child and that, in early August 2007, respondent had harassed petitioner with repeated phone calls. Family Court found, following a hearing, that respondent had committed the family offense of assault in the third degree with regard to the child and aggravated harassment in the second degree as to petitioner. After the ensuing dispositional hearing, Family Court issued an order of protection for one year directing respondent to refrain from contact and communication with petitioner and restricting visitation to supervised visitation. Respondent appeals.

Respondent contends that the evidence did not support the offenses found by Family Court. A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Mauzy v Mauzy*, 40 AD3d 1147, 1148 [2007]). Where, as here, there is conflicting evidence, we accord deference to Family Court's credibility determinations (*see Matter of Gil v Gil*, 55 AD3d 1024, 1025 [2008]; *Matter of Yette v Yette*, 39 AD3d 952, 953 [2007], *lv denied* 9 NY3d 802 [2007]). The family offense premised upon assault in the third degree required proof that respondent caused "physical injury" (*see* Penal Law § 120.00), which "means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Testimony was presented by two witnesses regarding respondent striking his two-year-old infant daughter with a belt. Descriptions were provided by these witnesses, as well as another witness, of the marks that were left on the child, including welts and bruises. Family Court credited this proof and, in light of the young age of the child, the conduct by respondent as described by the witnesses was sufficient to establish the family offense.

Family Court also found a family offense based upon repeated phone calls made by respondent to petitioner, which constituted aggravated harassment in the second degree. "[M]aking a telephone call will constitute aggravated harassment in the second degree when it is made 'with intent to harass, annoy, threaten or alarm another person' and is made either 'in a manner likely to cause annoyance or alarm' or 'with no purpose of legitimate communication' " (*Matter of Draxler v Davis*, 11 AD3d 760, 760 [2004], quoting Penal Law § 240.30 [1], [2]). Petitioner testified that respondent made numerous telephone calls to her (as many as 10 in one evening), despite the fact that she repeatedly directed him to stop calling her. She further testified that, on many occasions, he threatened to keep the children from her and to even take them out of the country.

While sharply conflicting evidence was presented and respondent asserted that he had valid purposes for his calls, Family Court credited petitioner's testimony as to the calls and, accepting those credibility determinations, the record supports Family Court's finding that the calls were placed with the intent to annoy and alarm petitioner (*see Matter of Draxler v Davis*, 11 AD3d at 760-761).

As for respondent's additional argument regarding the conditions of the one-year order of protection, that order has now expired and, accordingly, the issue is moot (*see Matter of Christopher NN. v Bobby Jo OO.*, 59 AD3d 828, 828 [2009]; *Matter of Hanehan v Hanehan*, 260 AD2d 685, 686 [1999]). In any event, this argument is unpersuasive.

Mercure, J.P., Kane, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.