■ In the Matter of CHASTITY F., Respondent, v ERNEST G., Appellant. [909 NYS2d 188]—

Lahtinen, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered October 22, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in violation of an order of protection.

In August 2009, Family Court issued a temporary order of protection directing respondent to, among other things, stay at least 1,000 feet away from petitioner and refrain from any communication with or intimidation of her. The next month, while both individuals were in the Clinton County Courthouse awaiting an appearance, respondent allegedly walked within about 15 feet of petitioner, pointed his finger at her and made an intimidating statement to her. She then filed the current petition. Following a hearing, Family Court found that the credible evidence established beyond a reasonable doubt that respondent had made a statement to petitioner, which the court characterized as being made in a loud and threatening tone, accompanied by gestures. Family Court concluded that this conduct constituted a willful violation of its earlier order and, after detailing respondent's lengthy history in various Family Court proceedings, the court imposed a six-month jail sentence (see Family Ct Act § 846-a). Respondent appeals.

Respondent argues that there was insufficient proof to find that he willfully violated terms of an order that were clear. "In any Family Court Act family offense proceeding in which a party's failure to comply with a lawful order of protection is alleged, if Family Court is satisfied by competent proof that the respondent has willfully failed to obey any such order, it may punish such disobedience by imposing a jail sentence not exceeding six months" (Matter of Leighton-Ryan v Ryan, 274 AD2d 775, 776 [2000] [internal quotation marks and citations omitted]; see Matter of Lichorowic v Lichorowic, 241 AD2d 624, 625 [1997]). Since Family Court has the opportunity to view the witnesses as they testify, we typically accord deference to its credibility determinations (see Matter of Cobane v Cobane, 57 AD3d 1320, 1323 [2008], lv denied 12 NY3d 706 [2009]; Matter of Moran v Cavanaugh, 39 AD3d 954, 956 [2007]; Matter of Christian EE., 33 AD3d 1106, 1107 [2006]).

Here, respondent acknowledged prior receipt of the order of protection. The order explicitly provided that respondent was to refrain from communication with or intimidation of petitioner, and that the failure to obey the terms of the order could result in, among other things, incarceration of up to six months. In its decision, Family Court made clear that its finding of a willful violation was premised on the statement by respondent to petitioner. The court's finding was not, as suggested by respondent, based on his physical proximity to petitioner, which had resulted from both individuals being in the courthouse at the same time for a court appearance. While conflicting proof was presented at the hearing regarding what was actually said and to whom it was said by respondent, Family Court credited petitioner's proof. We discern no reason in this record not to accept that credibility determination and, in light of such credibility determination, there is ample evidence of a willful violation regarding the provision of the order proscribing communication by respondent directed toward petitioner.

Since respondent has completed his jail sentence, his contention that the sentence was harsh is moot (*see Matter of Duane H. v Tina J.*, 66 AD3d 1148, 1149 [2009]).

Cardona, P.J., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.