■ In the Matter of DANIEL L., Appellant-Respondent, v LOIS M., Respondent-Appellant. [916 NYS2d 671]—

Spain, J. Cross appeals from an order of the Family Court of Otsego County (Lambert, J.), entered November 25, 2009, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, to find respondent in willful violation of a prior order of protection.

Upon the stipulation of the parties in a family offense proceeding, Family Court issued an order of protection directing petitioner to stay away from respondent's home and refrain from any communication with her. Petitioner was, however, expressly permitted to go to respondent's home to remove specified personal property for the six weeks prior to June 14, 2009,

with petitioner agreeing to do so only on Saturdays and to contact respondent's attorney beforehand to make the necessary arrangements. At the end of that period, petitioner filed the present violation petition, alleging that respondent had willfully violated the order by refusing to grant him access to her property on two of the specified Saturdays. Prior to the hearing on the petition, respondent sold the automobile lift that was among the listed items to be retrieved by petitioner, and petitioner requested that Family Court order respondent to pay him the value of the lift. The court ultimately determined that respondent had willfully violated the order and directed her to pay petitioner's reasonable counsel fees but, concluding that it lacked statutory authority under Family Ct Act § 846-a, declined to order payment of the lift's value. Petitioner appeals and respondent cross-appeals.

The record before us supports Family Court's finding of willfulness. A party may be punished for failing to comply with the terms of a lawful order of protection in a family offense proceeding where, after a hearing, Family Court is satisfied by competent evidence that the failure was willful (*see* Family Ct Act § 846-a; *Matter of Chastity F. v Ernest G.*, 77 AD3d 1112, 1112 [2010]; *Matter of Elliot v Marble*, 49 AD3d 923, 924 [2008]). Here, petitioner initially arranged his Saturday visits by calling counsel for respondent a day ahead. On the third week, counsel did not call him back until late Saturday morning, by which time he was unable to make arrangements to pick up his property.* The next week, respondent's attorney flatly refused to allow petitioner to come and offered no make-up date. While petitioner was allowed to enter the premises on subsequent Saturdays up until the deadline, he was unable to completely remove his personal effects. Respondent then rebuffed petitioner's request to extend the deadline to make up for the two missed weekends and sold his lift. Deferring to Family Court's credibility determinations, there is ample evidence from which to conclude that respondent's failure to comply with the order of protection was willful (*see Matter of Chastity F. v Ernest G.*, 77 AD3d at 1112-1113).

We agree with petitioner that Family Court had the authority to order restitution. The dispositional authority of Family Court upon a finding of a willful violation of a Family Ct Act article 8 order of protection is not limited to the remedies set forth in

---

* Petitioner also received e-mails from respondent's family members inviting him to come on that Saturday, but did not make arrangements to do so given the specific requirement in the order that he obtain permission from respondent's counsel.

Family Ct Act § 846-a. Family Ct Act § 841 provides, in pertinent part, as follows: "At the conclusion of a dispositional hearing under this article, the court may enter an order: . . . (e) directing payment of restitution in an amount not to exceed ten thousand dollars." Clearly, the remedies set forth in Family Ct Act § 846-a are not exclusive. Accordingly, we will remit this proceeding to Family Court for a determination of the amount of restitution and a determination of the amount of the awarded counsel fees.

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioner restitution; matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.