■ In the Matter of WENDY Q., Appellant, v JASON Q., Respondent. (And Another Related Proceeding.) [943 NYS2d 255]—

Spain, J. Appeal from an order of the Family Court of Otsego County (Lambert, J.), entered June 27, 2011, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

The parties, married but living apart since 2009, are the parents of a son (born in 2001). Respondent lives in Michigan and, reportedly, has custody of the son pursuant to a California custody order (which assertedly permitted him to relocate to Michigan with the son), which has not been registered for enforcement in New York. The son lived with respondent in Michigan for awhile, and came to live with or visit petitioner in July 2010. In December 2010, petitioner commenced a family offense proceeding pursuant to Family Ct Act article 8 alleging that respondent committed the offenses of aggravated harassment in the second degree and reckless endangerment, during three phone calls to her home on November 29, 2010. Family Court issued a temporary order of protection, ex parte, on behalf

of petitioner and the son; petitioner thereafter commenced a second proceeding alleging that respondent had willfully violated that order on December 10, 2010 by telephoning her home and leaving a voice-mail message on the day the temporary order was served upon him.

After a fact-finding hearing, Family Court, finding that petitioner had not proven her allegations,[1] dismissed the family offense petition and vacated the temporary order of protection. Regarding the violation petition, the court determined that respondent had violated the temporary order of protection by calling petitioner's home after being served with that order, held him in contempt and, as its sanction, admonished him from the bench. Petitioner appeals, and we affirm.[2]

At the hearing, the parties offered somewhat differing accounts of the telephone calls. Petitioner testified that respondent called to speak with the son about upcoming school vacation travel plans to Michigan, the son was not then available, so she indicated that she would have the son return his call; petitioner then indicated that she wanted respondent to sign their divorce papers before the son's travel to Michigan, causing respondent to become "infuriated" and use "vulgar language," and petitioner hung up the phone. When the son returned respondent's call, the son began crying and petitioner hung up the phone again, telling respondent that he had upset the son, which caused her and the son to be upset that evening. Respondent called petitioner two more times that evening, once leaving a message and once briefly arguing with her.

Respondent testified that he called his son to discuss the plans for him to travel to Michigan over his upcoming break, and petitioner offered to let the visit take place at her home (respondent refused); petitioner then stated that she would not allow the son to travel unless respondent signed the divorce papers. Respondent admitted raising his voice and using obscenities, stating that he was upset about being denied time with his son. Respondent testified that, when the son called back, the son became upset when respondent told him that petitioner would not allow the planned visit. After petitioner hung up the phone, respondent called back twice trying to comfort the son.

Family Court credited respondent's account over that of

**1.** Contrary to arguments raised in petitioner's brief, Family Court did not dismiss the petition pursuant to CPLR 3211 but, rather, heard testimony, made credibility determinations, and ruled, as factfinder, on the merits.

**2.** Petitioner has abandoned any claim regarding the reckless endangerment offense by not raising it in her brief (*see Matter of Jodi S. v Jason T.*, 85 AD3d 1239, 1241 n 2 [2011]).

petitioner and "great weight must be given to the trier of fact who is in the best position to assess the credibility of witnesses" (*Matter of Mauzy v Mauzy*, 40 AD3d 1147, 1148 [2007]; *see Matter of Melissa K. v Brian K.*, 72 AD3d 1129, 1133 [2010]). To be sure, "making a telephone call will constitute aggravated harassment in the second degree when it is made 'with intent to harass, annoy, threaten or alarm another person' and is made either 'in a manner likely to cause annoyance or alarm' or 'with no purpose of legitimate communication' " (*Matter of Draxler v Davis*, 11 AD3d 760, 760 [2004], quoting Penal Law § 240.30 [1], [2]; *see Matter of Jennifer G. v Benjamin H.*, 84 AD3d 1433, 1435 [2011]). Crediting respondent, Family Court concluded that it was not his intent to harass, alarm, threaten or annoy petitioner or the child but, rather, his legitimate objective was "to speak with the child and discuss travel plans for the holidays and the subsequent fact that those travel plans were not going to happen." While not condoning respondent's reaction to petitioner's refusal to allow the visit or her interjection of the divorce matter into the planned visitation, the court concluded that the child became upset over the loss of the visit and not as a result of respondent's reaction. Family Court's determination that petitioner failed to prove by a preponderance of the evidence (*see* Family Ct Act § 832) that respondent committed aggravated harassment is supported by the record and is affirmed (*see Matter of Yishak v Ashera*, 68 AD3d 1282, 1284 [2009]; *Matter Mauzy v Mauzy*, 40 AD3d at 1148; *Ahr v McElligott*, 307 AD2d 484, 485 [2003]).

Finally, we discern no reason to disturb Family Court's discretionary decision to admonish respondent as punishment for violating the temporary order of protection, and to not issue a permanent order of protection (*see* Family Ct Act § 841 [d]; § 846-a; *Matter of Daniel L. v Lois M.*, 81 AD3d 1106, 1107-1108 [2011]; *Matter of Leighton-Ryan v Ryan*, 274 AD2d 775, 776 [2000]). Petitioner's remaining claims lack merit.

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.