■ In the Matter of JERRICA J. and Another, Children Alleged to be Neglected. CHARLES J. CHRISTMAN, as Commissioner of Social Services of Otsego County, Respondent; CATHERINE J., Appellant, et al., Respondent. [770 NYS2d 171]—

Spain, J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered November 27, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate Jerrica J. and Julian J. to be neglected children.

Respondent Catherine J. (hereinafter respondent) is the biological mother of Julian J. (born in 1988) and Jerrica J. (born in 1992). Respondent Ricardo J. is the biological father of Jerrica and the stepfather of Julian. By petition dated May 22, 2001, petitioner commenced this proceeding alleging that Julian and Jerrica were neglected.

In August 2001, after several days of hearings, the parties entered into a stipulation whereby respondent agreed to admit to certain factual allegations regarding three specific incidents involving Julian in satisfaction of all matters then pending

before Family Court including, among other things, the instant neglect petition, family offense petitions and a custody petition. In September 2001, Family Court issued a written decision concluding that respondent's admissions "sustained a finding of neglect" with respect to both children and, in a November 27, 2001 order of fact finding and disposition, found both children to be neglected.

Respondent contends on appeal, and we agree, that the facts to which respondent admitted do not, as a matter of law, constitute neglect pursuant to Family Ct Act article 10. As relevant here, a neglected child is defined as a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his [or her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). The statute establishes a " 'minimum baseline of proper care for children that all parents, regardless of lifestyle or social or economic position, must meet' " (*Matter of Jessica YY.*, 258 AD2d 743, 744 [1999], quoting Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 326). "Under such standard, parental behavior [is] evaluated objectively [according to] whether a reasonable and prudent parent would have so acted" (*Matter of Jessica YY., supra* at 744 [internal quotation marks and citations omitted]).

In order to establish neglect, petitioner must show by a preponderance of the credible evidence (*see Matter of Brandon C.*, 237 AD2d 821, 822 [1997]) that the child has been harmed or threatened with harm (*see Matter of Evelyn X.*, 290 AD2d 817, 819 [2002], *appeal dismissed* 98 NY2d 666 [2002]; *Matter of Christopher JJ.*, 281 AD2d 720, 720-721 [2001]). "In the absence of such proof, the statutory requirement of impairment or imminent danger of impairment will not be satisfied and neglect will not be established" (*Matter of Jessica YY., supra* at 744 [citation omitted]).

Family Court based its order of fact finding solely on three incidents to which respondent admitted in open court. First, respondent acknowledged that she had spoken with Julian about the possibility of his returning to live with his biological father, telling the court that "Julian had a wonderful rapport with his father." The second incident arose as a result of Julian becoming aggressive and slapping respondent. In self-defense, respondent admitted putting up her hand and that her foot went up,

making contact with Julian. She acknowledged that it was a "kick," but that it was not intentional and she did not hurt him.* The third incident occurred as a result of an argument that respondent admittedly had with Ricardo while she was driving, during which she reached over and punched Ricardo in the arm. At the time, Julian was seated in the back seat of the vehicle. Jerrica was not a witness to any of these incidents. At no time did respondent stipulate or agree that any of these acts amounted to neglect. On the contrary, she unequivocally stated during the stipulation that "I'm not neglectful."

In our view, the aggregate of the incidents relied upon by Family Court in making its determination are insufficient to support a finding of neglect. First, two of the incidents relied upon by Family Court—"accidentally" making contact while acting in self-defense and discussing with Julian the possibility of living with his biological father—do not establish respondent's failure to exercise the minimum degree of care required by Family Ct Act article 10 and, while even a single incident may be sufficient to constitute child neglect (see Matter of Cody P., 227 AD2d 724, 725 [1996]), the driving incident does not, in and of itself, rise to the level of neglect. Additionally, as the stipulated factual allegations do not constitute neglect as to Julian, no derivative finding of neglect can be entered as to Jerrica (see Family Ct Act § 1046 [a] [i]). Accordingly, Family Court's findings of neglect and the dispositional order should be reversed and the neglect petition dismissed.

However, to protect the children, the custody/visitation petition should be remitted to Family Court for restoration to the calendar, for further proceedings on that petition, including a new temporary order of custody and visitation to be made in the best interests of the children and a final resolution of that petition. The new temporary order shall be made on the day the parties first appear and, until then, the terms of the dispositional order herein shall remain temporarily in effect by order of this Court.

Mercure, J.P., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, petition dismissed, matter remitted to the Family Court of Otsego County for further proceedings not inconsistent with this Court's decision and the order of disposition shall remain in effect as a temporary order.

---

* Family Court, in its findings, stated that respondent "admitted that she accidentally kicked [Julian] after Julian slapped her."