■ In the Matter of SHANNON ZZ., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; BERNADETTE ZZ., Appellant. [778 NYS2d 205]—

Spain, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered November 1, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

In April 2002, respondent—the mother of Shannon ZZ. (born in 1996)—appeared in Family Court on a petition by her husband, the child's father, by which he sought a change in custody. It appears from the record that the father's main contention was that respondent was using marihuana. Respondent denied any drug abuse and volunteered to take a drug test, which she passed. When it came to the court's attention that her boyfriend, Chester Martin, and another adult male, Michael Cooper, both of whom were residing in her house, had been smoking marihuana in the house where the child was also living, the court made an order of protection directing, among

other things, that respondent not allow anyone to have any drugs in her house or in the presence of the child and that she remove the men from the house. The court directed that the child stay with the father until respondent proved to petitioner that the men were out of her house.

On May 7, 2002, petitioner filed a neglect petition against respondent alleging that she threatened and assaulted the child's father in the presence of the child, that she had permitted Martin and Cooper to use drugs in the house while the child was present and that she allowed them to remain in her house after being ordered by Family Court to remove them before the return of the child. The father thereafter withdrew his custody petition pending the outcome of the neglect proceeding.

Thereafter, respondent appeared in Family Court with counsel and, in lieu of a trial, executed a document in which she specifically admitted to neglecting the child "by engaging in domestic violence in the presence of my child, and failing to protect [her] from Chester Martin and Michael Cooper." Respondent also verbally admitted to hitting the father on the arm and, aware that Martin and Cooper had been smoking marihuana in the house, failing to remove them from her home in violation of the court's directive. Based on these admissions, the court found that respondent had neglected the child. Following a dispositional hearing, the court found a change in custody to be in the child's best interest and granted custody to the father with supervised visitation to respondent, and issued an order of protection. Respondent appeals.

We find merit in respondent's assertion that the facts to which respondent admitted do not, as a matter of law, constitute neglect within the meaning of Family Ct Act § 1012 (f). A neglected child, as pertinent to the facts in this case, is a child less than 18 years of age "whose physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [her] parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]). "In order to establish neglect, petitioner must show by a preponderance of the credible evidence that the child has been harmed or threatened with harm" (*Matter of Jerrica J.*, 2 AD3d 1161, 1162 [2003] [citations omitted]). "In the absence of such proof, the statutory requirement of impairment or imminent danger of impairment will not be satisfied and neglect will not be established" (*Matter of Jessica YY.*, 258 AD2d 743, 744 [1999] [citation omitted]).

Here, Family Court based its finding of neglect solely upon the two incidents to which respondent admitted in the written admission form and in open court in response to questions posed by the court. In our view, the facts to which respondent admitted do not establish that she committed acts of neglect. First, as to respondent's admission that she hit her husband in the arm, there is no evidence that the child—though seated nearby in the father's vehicle—actually witnessed or was otherwise aware of what had occurred. Moreover, no evidence exists of any excessive force by respondent or that this was anything but an isolated slap on the father's arm (*see Matter of Anthony PP.*, 291 AD2d 687, 688-689 [2002]; *Matter of Kayla B.*, 262 AD2d 137 [1999]. Next, although respondent admitted that she permitted her child to return home while Martin and Cooper remained in the residence,* no evidence exists in the record of this neglect proceeding that the child actually witnessed any marihuana smoking by Martin and Cooper, was exposed to any air contaminated by marihuana smoke, or was at risk by being in their presence while they were under the influence of the drug. Indeed, there is no indication that respondent's admitted violation of the order of protection caused or threatened any actual harm to the child. The violation of an order of protection made in a custody proceeding as a condition of respondent's maintaining custody under these circumstances cannot be viewed as an act of neglect per se.

Accordingly, we hold that neither of these admitted acts—or their aggregate—rose to the level of neglect within the contemplation of the statute (*see Matter of Jerrica J., supra* at 1162-1163). Furthermore, the fact that respondent, in her admissions before Family Court, acknowledged, in conclusory fashion, that these acts endangered her child's welfare and thus constituted acts of neglect does not make them neglect. On this record, it is clear that the statutory requirement of impairment or imminent danger of impairment was not established by petitioner and the petition should be dismissed.

For the protection of the child, the father's previously withdrawn custody petition should be restored to the calendar forthwith for further proceedings and a final resolution of that petition based upon the alleged change in circumstances and the child's best interest. The dispositional order and the order of protection shall remain temporarily in effect by order of this Court until the day the parties first appear, at which time a new

---

* Respondent was never asked whether, nor did she ever admit in the course of this proceeding that, she had permitted Martin and Cooper to smoke marihuana in the house while the child was residing there.

temporary order shall be made in which Family Court shall reconsider the restrictions placed on respondent's visitation in light of the decision herein.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, petition dismissed, matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision, and the dispositional order and order of protection shall remain in effect as a temporary order.