■ In the Matter of JULIANNE XX. and Another, Children. Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MARYLEE YY., Respondent. (Proceeding No. 1.) In the Matter of PETER WW., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; MARYLEE YY. et al., Respondents. (Proceeding No. 2.) [786 NYS2d 835]—

Crew III, J. Appeal from an order of the Family Court of Columbia County (Nichols, J.), entered September 3, 2003, which partially dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 10, to adjudicate respondents' children to be neglected.

Petitioner commenced these proceedings alleging that respondent Marylee YY. (hereinafter respondent) neglected her children, Julianne XX., Kristen XX. and Peter WW. Specifically, each of the underlying petitions alleged, in sum and substance, that respondent neglected her children by engaging in domestic violence in front of the children, abusing and possessing alcohol in the presence of the children, engaging in unsupervised visitation with the children in violation of a court order and violating her own temporary order of protection against her son's father, Peter QQ., by allowing her daughters to have contact with him during a supervised visitation with her son.

Respondent thereafter moved to dismiss the petitions for failure to state a cause of action and Family Court, upon notice to the parties, converted respondent's motion to one for summary judgment. Following receipt of additional submissions by the parties, Family Court granted respondent's motion except to the extent that it found a question of fact as to the allegations of domestic violence. This appeal by petitioner ensued.

We affirm. Preliminarily, we note that although infrequently invoked, summary judgment is a permissible procedural device in the context of Family Ct Act article 10 neglect proceedings (see Matter of Hannah UU., 300 AD2d 942, 943 [2002], lv denied

99 NY2d 509 [2003]). Turning to the merits, respondent does not seriously dispute the allegations set forth in the various petitions; rather, she contends that the conduct alleged therein does not rise to the level of neglect. With regard to petitioner's assertion that respondent abused, possessed and/or consumed alcohol in the presence of the children, we need note only that such conclusory allegations fall far short of establishing that respondent misused alcoholic beverages to the extent that she lost self-control of her actions and, in so doing, caused harm to the children or placed them in harm's way (see Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]). Similarly, while respondent's alleged violation of a visitation and/or temporary order of protection may well have exposed her to a contempt citation, such conduct, standing alone, simply does not support a finding that respondent engaged in conduct that impaired or threatened the physical, mental or emotional well-being of her children. Although we are mindful that we must view the evidence in the light most favorable to petitioner as the party opposing the motion (see Matter of Hannah UU., supra at 943-944), counsel's unsubstantiated affidavit in opposition is of no evidentiary value (see Chiarini v County of Ulster, 9 AD3d 769, 770 [2004]) and, as Family Court appropriately concluded, there is no other evidence in the record sufficient to raise a question of fact as to any of the issues upon which summary judgment was granted. Accordingly, Family Court's order partially granting respondent's motion for summary judgment is affirmed.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.