In the Matter of JOHN QQ., a Child Alleged to be Neglected. COLUMBIA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; VIRGINIA RR., Appellant. [796 NYS2d 432]—

Peters, J. Appeal from an order of the Family Court of Columbia County (Czajka, J.), entered November 10, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected.

On January 2, 2003, the day after John QQ. was born, petitioner obtained an order authorizing his temporary removal by alleging that he had tested positive for cocaine at birth and that toxicology reports indicated that respondent had used cocaine and opiates. Four days later, petitioner commenced this neglect proceeding alleging that respondent was unable to provide for his proper supervision and guardianship because she had an untreated substance abuse problem and was not voluntarily or regularly enrolled in a drug rehabilitation program. Moreover, petitioner alleged that John QQ. was born with a positive toxicology for cocaine and that respondent's parental rights to her other three children had been terminated in September 2000 due to her misuse of drugs.

At a March 2003 hearing, respondent failed to appear but was represented by counsel. Petitioner submitted the medical records of both respondent and the child who were brought to Columbia Memorial Hospital immediately after the birth. Each was offered with a signed certification from Patricia Story, an employee from the medical records department, indicating that the attached photocopies were true and accurate copies. Although respondent's counsel objected to their admission, stating that the certifications were improper, Family Court admitted the records. Also granted, over objection, was petitioner's

request that judicial notice be taken of the order terminating respondent's parental rights to the other three children, as well as "all other relevant Orders of this Court."

Janis Brodowski, a staff nurse on the maternity floor of Columbia Memorial Hospital, testified that respondent arrived with her newborn on New Year's Day, that she knew respondent from her other deliveries at the hospital and that respondent told her, as part of her nursing assessment, that she had done "crack" two days prior; drug screens were ordered for both respondent and the child. Holly Martin, a child protective services investigator, testified that she went to the hospital on the following day to speak with respondent due to her positive toxicology results.* Hesitant to speak with Martin, respondent told her that her positive toxicology was due to a shot of morphine. Petitioner rested and respondent moved to dismiss the petition by asserting that the allegations were not probative of neglect, that petitioner did not seek a finding of derivative neglect and that there was no evidence of the child exhibiting signs of having crack cocaine in his system due to the inadmissibility of the hospital records. Family Court found the child to be neglected and, after a dispositional hearing where respondent again failed to appear, ordered him to remain in foster care for a period of 12 months. This appeal followed.

The medical records from Columbia Memorial Hospital were improperly admitted. While Family Ct Act § 1046 (a) (iv) permits the admissibility of such records to establish proof of abuse or neglect, they may only be admitted "if the judge finds that [they were] made in the regular course of the business of any hospital . . . and that it was in the regular course of such business to make [them], at the time of the act, . . . or within a reasonable time thereafter." Prima facie evidence of this foundational proof can be made by a certification from either the head of the hospital or a responsible employee. However, if the certification is "by someone other than the head of the hospital . . . [it] shall be accompanied by a photocopy of a delegation of authority signed by both the head of the hospital . . . and by such other employee" (Family Ct Act § 1046 [a] [iv]). Here, the requisite delegation of authority to Story, an employee of the medical records department, was lacking. Since Family Ct Act § 1046 (a) (iv) contains mandatory language that a certification from someone other than the head of the hospital *shall* be accompanied by the appropriate delegation of authority, we must find the admission of these records to have been in error if we

---

* No findings had yet been received regarding the child, although he was later determined to have a positive toxicology for cocaine.

are to give effect to the clear and unambiguous intention of the Legislature in employing these terms (*see* McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 92; *compare* CPLR 4518 [c]; *but see Elkaim v Elkaim*, 176 AD2d 116, 117 [1991], *lv dismissed* 78 NY2d 1072 [1991]).

Next addressing whether the remaining evidence established that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent . . . to exercise a minimum degree of care . . . in providing the child with proper supervision or guardianship, by unreasonably inflicting or allowing to be inflicted harm, or a substantial risk thereof" (Family Ct Act § 1012 [f] [i] [B]), we find petitioner to have sustained such showing by a preponderance of the credible evidence (*see Matter of Shannon ZZ.*, 8 AD3d 699, 700 [2004]; *Matter of Jerrica J.*, 2 AD3d 1161, 1162 [2003]). To reach this determination, we are guided by the Court of Appeals' iteration that the Legislature's articulation of an imminent danger standard reflects its judgment "that a finding of neglect may be appropriate even when a child has not been actually impaired, in order to protect that child and prevent impairment. Consequently, . . . [it] is an independent and separate ground on which a neglect finding may be based" (*Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]).

Working from this precept, the evidence demonstrates that respondent, a substance abuser, has a history of being unable to care for her children and that she has not voluntarily or regularly participated in a drug rehabilitation program. Moreover, she admitted to using crack cocaine at the end of her third trimester with this child. Drawing the strongest inference that such evidence permits against respondent due to her failure to testify (*see id.*; *see also Matter of Melissa L.*, 276 AD2d 856, 857 [2000], *lv denied* 96 NY2d 702 [2001]), coupled with the axiom that "proof of . . . neglect of one child shall be admissible evidence on the issue of the . . . neglect of any other child" (Family Ct Act § 1046 [a] [i]; *see Matter of Nassau County Dept. of Social Servs. v Denise J., supra* at 80), we find that Family Court properly made the "necessary causative connection to all the surrounding circumstances that may or may not produce impairment or imminent risk of impairment in [this] newborn child" (*Matter of Nassau County Dept. of Social Servs. v Denise J., supra* at 79; *see Nicholson v Scoppetta*, 3 NY3d 357, 369 [2004]) when it found neglect due to respondent's failure to exercise a minimum degree of care.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.