In the Matter of DESMOND LL. and Another, Children Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; CHARLENE MM., Respondent. [879 NYS2d 590]—

Malone Jr., J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered July 7, 2008, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be neglected.

By order of the Family Court of Dutchess County, respondent's two children, Desmond LL. (born in 2003) and Joshua LL. (born in 2006), were adjudicated neglected by her in July 2006 and placed in foster care with the children's paternal grandmother, who resided in Tompkins County. Respondent thereafter relocated to Tompkins County and enjoyed visitation with the children. After one unsupervised visitation, Joshua was returned to his grandmother with injuries on the tops of his feet that were suspicious for abuse. Petitioner then moved in Dutchess County Family Court to hold respondent in violation of the July 2006 dispositional order. The proceeding was transferred to the Tompkins County Family Court and the instant neglect petition was substituted for the previously filed motion. At the conclusion of a fact-finding hearing, Family Court dismissed the petition, concluding that petitioner had failed to offer sufficient proof that respondent had neglected the children. Petitioner now appeals.

Although petitioner presented medical testimony to establish that the injuries to Joshua's feet were consistent with cigarette burns, respondent provided an alternate explanation for the injuries, which was supported by the testimony of a dermatologist. Moreover, the child's behavior that respondent claimed was the likely cause of the injuries was, at one time, witnessed by one of petitioner's social workers. In light of this conflicting testimony regarding the nature and cause of the injuries to Joshua's feet, and giving deference to Family Court's credibility assessments of the witnesses (*see Matter of Mary Kate VV.*, 59 AD3d 873, 875 [2009]), we decline to disturb Family Court's determination that petitioner failed to establish by a preponderance of the evidence that the child was neglected (*see* Family Ct

Act § 1012 [f]; § 1046 [b] [i]; *Matter of Madison UU.*, 45 AD3d 1225, 1225 [2007]). Considering that there is insufficient proof of neglect as to Joshua, there can be no finding of derivative neglect as to Desmond. Contrary to petitioner's contention, Family Court applied the appropriate standard of proof and adequately set forth the findings of fact and conclusions of law upon which its determination was based.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.