■ In the Matter of ANDRE G., a Child Alleged to be Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY G., Appellant. (Proceeding No. 1.) In the Matter of ALEXSANDR G. and Another, Children Alleged to be Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JUNDELL H., Appellant. (Proceeding No. 2.) In the Matter of ALEXSANDR G. and Another, Children Alleged to be

Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY G., Appellant. (Proceeding No. 3.) [882 NYS2d 749]—

Rose, J. Appeals from orders of the Family Court of Schoharie County (Bartlett III, J.), entered February 27, 2008, March 12, 2008 and March 19, 2008, which, among other things, granted petitioner's applications, in proceedings pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondents Jundell H. (hereinafter the mother) and Anthony G. (hereinafter the father) are the unmarried parents of Andre G. (born in 2004). Family Court found that the father had neglected Andre as the result of an incident of domestic violence that occurred in Andre's presence in 2005.[1] The court placed Andre in petitioner's custody and ordered the father to stay away from the "home of Andre." In April 2006, the mother gave birth to Alexsandr G., who is not the father's biological child. In September 2006, petitioner filed petitions against the mother and the father alleging, among other things, that Alexsandr was neglected because the father had been allowed to have contact with him. These petitions were later amended to include a second child, Alanah G., who was born to the mother in May 2007 during the pendency of these proceedings. A hearing was held, and Family Court determined that Alexsandr and Alanah were derivatively neglected. As limited by their briefs on appeal, the mother and father now challenge only the findings of derivative neglect as to Alexsandr and Alanah in the orders of disposition entered March 12, 2008 and March 19, 2008.[2]

As for the mother's appeal, our review of the record reveals that there is no evidence of an essential element of derivative

1. Family Court's order, which apparently was entered in January 2006, is not included in the record.

2. Although the father indicates in his notice of appeal that he is appealing a February 27, 2008 order, said order does not appear in the record and it appears the father has raised no arguments with respect thereto. As such, we deem the appeal from this order abandoned.

neglect, namely, that she had neglected any of her other children (see Family Ct Act § 1046 [a] [i]; Matter of Sidney FF., 44 AD3d 1121, 1122 [2007]; Matter of Ian H., 42 AD3d 701, 704 [2007], lv denied 9 NY3d 814 [2007]; Matter of Evelyn B., 30 AD3d 913, 914-915 [2006], lv denied 7 NY3d 713 [2006]). The earlier order adjudicating Andre to be neglected found neglect only by the father and, in the current proceedings, Family Court made no finding that the mother had neglected any of her children in the past. Inasmuch as there is no showing of the mother's neglect as to Andre, "there can be no finding of derivative neglect as to" Alexsandr and Alanah (Matter of Desmond LL., 61 AD3d 1309, 1310 [2009]).

As for the father, we note that the testimony at the fact-finding hearing established that his offending conduct was merely being with the mother and her children other than Andre. Andre had been removed from the mother's home at the time and was residing elsewhere with his foster family. Accordingly, the record before us fails to show that the father's actions violated the order directing him to stay away from the "home of Andre." In any event, contrary to Family Court's holding, proof of violation of an order of protection is not sufficient, by itself, to establish neglect (see Family Ct Act § 1012 [f] [i]; Matter of Shannon ZZ., 8 AD3d 699, 701 [2004]). Given this, there is insufficient proof in this record that the two younger children were exposed to a substantial risk of harm by being in the father's presence. Thus, neither child can be viewed as derivatively neglected by the father.[3]

Finally, we note that the record reveals irregularities as to whether the relevant orders of protection were in effect when the father was found to be with the mother and whether the mother was properly found to have violated a prior order after Family Court deemed her not to be a respondent in the violation proceeding. These issues and others, however, have been rendered academic by our determination.

Mercure, J.P., Kane, Kavanagh and Garry, JJ., concur. Ordered that the order entered February 27, 2008 is affirmed, without costs. Ordered that the orders entered March 12, 2008 and March 19, 2008 are reversed, on the law, without costs, and neglect petitions with respect to Alexsandr G. and Alanah G. are dismissed.

---

3. Moreover, the father is neither the biological parent of, nor otherwise legally responsible for, Alexsandr (see Family Ct Act § 1046 [a] [i]; Matter of Austin JJ., 232 AD2d 736, 737 [1996]).