■ In the Matter of William M., Appellant, v Tompkins County Department of Social Services et al., Respondents. (And Another Related Proceeding.) [917 NYS2d 422]—Kavanagh, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered May 5, 2009, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and/or for custody of the subject child.

---

Petitioner (hereinafter the father) had doubts regarding his paternity of a child born in 2002 to respondent Rebbecka N. (hereinafter the mother) and, as a result, when the mother filed a petition seeking custody of the child in March 2005, he defaulted and the mother was awarded custody. In June 2006, Schuyler County Family Court removed the child from the mother's custody and placed her in the care of her paternal aunt, because it was alleged that the mother was using illegal drugs, including crack cocaine. After the proceeding was transferred to Tompkins County, respondent Tompkins County Department of Social Services (hereinafter DSS) filed a petition alleging that the mother had neglected the child because of, among other things, her substance abuse. Family Court directed that the child remain in the aunt's custody after the mother admitted neglecting her, and agreed to participate in the Tompkins County Family Treatment Court program.[1] During this period, the father was permitted supervised visitation.[2]

Two years later, in June and September 2008, the father commenced proceedings in Family Court seeking custody of the child, as well as enhanced access to her and an end to her placement with DSS (see Family Ct Act § 1061). These applications were placed before the Family Court judge who, at the same time, presided over Family Treatment Court and, in that capacity, received reports regarding the mother's progress as a participant in Family Treatment Court. After it conducted hearings on the father's petitions—and conducted a Lincoln hearing with the child—Family Court issued an order which, among other things, dismissed his petition for custody and continued the child's placement with DSS. The father now appeals.

The father's appeal of Family Court's order denying his applications to terminate the child's placement with DSS and award him custody is moot as a result of a subsequent order issued by Family Court terminating the child's placement with DSS and returning custody of the child to the mother upon her successful completion of the Family Treatment Court regimen (see Matter of Michael A. [Patricia A.], 79 AD3d 1230, 1231 [2010]; Matter of Alexander K. [Jennifer N.], 77 AD3d 1023, 1024 [2010]). Moreover, the exception to the mootness doctrine does not apply to the circumstances presented here (see Matter of Randi NN. [Joseph MM.], 80 AD3d 1086 [2011]; Matter of Donovan NN., 79 AD3d 1316, 1317 [2010]). Therefore, the appeal must be dismissed.

---

1. In January 2007, DSS was given custody of the child, but she remained in the care of her paternal aunt.

2. In July and August 2006, the father also filed petitions seeking custody of the child. These petitions were dismissed.

Peters, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

