■ In the Matter of PAIGE AA., a Child Alleged to be Neglected. WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY AA., Appellant. (Proceeding No. 1.) In the

Matter of CHERYL AA., Appellant, v JESSICA U. et al., Respondents, and WARREN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 2.) [924 NYS2d 605]—

Egan Jr., J. Appeals (1) from two orders of the Family Court of Warren County (Breen, J.), entered January 7, 2008 and July 14, 2008, which granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate respondent's child to be neglected, and (2) from an order of said court, entered February 13, 2008, which dismissed petitioner's application, in proceeding No. 2 pursuant to Domestic Relations Law article 5-a, to modify a prior order of custody.

Respondent Anthony AA. (hereinafter the father) and respondent Jessica U. (hereinafter the mother) are the biological parents of Paige AA. (born in 2004). Following a domestic violence incident in the summer of 2006, the father pleaded guilty to harassment in the second degree and moved out of state. In conjunction therewith, a stay-away order of protection was entered in favor of the mother, which remained in effect until July 2007. The father and the mother thereafter stipulated that they would have joint legal custody of Paige, with primary physical custody to the mother and specified periods of visitation to the father.

In February 2007, the father returned to this state and, in violation of the foregoing order of protection, began sharing an apartment with the mother. Three months later, Paige was removed from her parents' home on an emergency basis following another domestic violence incident. When authorities responded to the parents' residence on the morning of the incident, they also discovered a shoebox containing marihuana and related drug paraphernalia, which apparently belonged to the parents' house guests.

The Warren County Department of Social Services thereafter commenced a neglect proceeding pursuant to Family Ct Act article 10 against the father based upon the domestic violence incident, the discovery of the marihuana and drug paraphernalia and his violation of the order of protection. At the conclusion of the fact-finding and dispositional hearings that followed, Family Court, among other things, adjudicated Paige to be neglected by her father, continued the child's placement in foster care and placed the father under the supervision of the Department of Social Services (DSS) subject to various terms and

conditions.[1] The father now appeals contending, among other things, that there is insufficient evidence to support the finding of neglect.[2]

In the interim, and while the neglect proceeding was pending, the paternal grandmother, Cheryl AA., expressed interest in serving as a "suitable relative[ ]" placement for the child, and Family Court directed that an investigation pursuant to Family Ct Act § 1017 (1) (a) be undertaken. The grandmother also filed, insofar as is relevant to this appeal, a petition pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law art 5-A) seeking custody of Paige. Family Court ultimately found, among other things, that the grandmother would not be a suitable placement for Paige and dismissed the grandmother's application. The grandmother now appeals.

The grandmother, as so limited by her brief, argues only that Family Court erred in concluding that she would not be a suitable placement for Paige during the pendency of the underlying neglect proceeding (*see* Family Ct Act § 1017). The attorney for the child, however, advises this Court that Paige has been reunited with and currently resides with the mother. Accordingly, the grandmother's challenge to the child's interim placement in foster care is moot (*cf. Matter of William M. v Tompkins County Dept. of Social Servs.*, 81 AD3d 1186, 1187 [2011]; *Matter of Alexander K. [Jennifer N.]*, 77 AD3d 1023, 1024 [2010]; *Matter of Chelsea M. [Ernest M.]*, 68 AD3d 1489, 1489-1490 [2009]).

Turning to the father's appeal, "[a] finding of neglect will be sustained if [the petitioning agency] demonstrated, by a preponderance of the evidence, that the child's physical, mental or emotional condition was harmed or is in imminent danger of such harm as the result of the parent's failure to exercise a minimum degree of care" (*Matter of Xavier II.*, 58 AD3d 898, 899 [2009]; *see Matter of Kaleb U. [Heather V.—Ryan U.]*, 77 AD3d 1097, 1098 [2010]; *Matter of Mitchell WW. [Andrew WW.]*, 74 AD3d 1409, 1412 [2010]). Actual injury or impairment need not be demonstrated; rather, "only an imminent threat that such injury or impairment may result" is required (*Matter of Shalyse WW.*, 63 AD3d 1193, 1195-1196 [2009], *lv denied* 13 NY3d 704 [2009]; *see Matter of Xavier II.*, 58 AD3d at 899) and

1. The mother, who was the subject of a separate neglect petition, entered an admission prior to the start of the fact-finding hearing.

2. The father has appealed from both the fact-finding order and the decision rendered following the dispositional hearing. Although the latter appeal was premature, we will exercise our discretion and treat it as valid (*see Matter of Heaven C. [Julia B.]*, 71 AD3d 1301, 1302 n [2010]).

that threat may, in turn, result "from a single incident or circumstance" (*Matter of Aiden L.*, 47 AD3d 1089, 1090 [2008]; *see Matter of Shalyse WW.*, 63 AD3d at 1195-1196; *Matter of Xavier II.*, 58 AD3d at 899).

Preliminarily, we agree with the father that the record does not support Family Court's finding that he allowed a certain level of promiscuity to exist in the child's home. However, even assuming, without deciding, that Family Court improperly considered evidence regarding the unsanitary condition of the child's home and her lack of up-to-date immunizations,[3] there nonetheless is ample evidence to support the underlying finding of neglect.

The mother testified—and the father readily admitted—that he choked the mother during the course of a physical altercation. The mother further testified that while the father was choking her—stating that he "wanted [her] dead"—Paige was standing behind him, "[s]creaming [and] crying." A neighbor also testified that she awoke to a commotion coming from the mother's apartment and heard a child scream. As "[n]o reasonable [and] prudent parent would [act this way], let alone in the presence of his or her children" (*Matter of Richard T.*, 12 AD3d 986, 988 [2004]), we have no quarrel with Family Court's finding that the father neglected Paige in this fashion (*see Matter of Andrew Y.*, 44 AD3d 1063, 1064 [2007]; *Matter of Tami G.*, 209 AD2d 869, 870 [1994], *lv denied* 85 NY2d 804 [1995]). To the extent that the father claimed that the mother was the initial aggressor, thereby rendering him a victim of domestic violence (*compare Matter of Angelique L.*, 42 AD3d 569, 571-572 [2007], *with Matter of Michael WW.*, 20 AD3d 609, 611-612 [2005]), or asserted that he choked the mother in self-defense, such testimony presented a credibility issue for Family Court to resolve (*see Matter of Collin H.*, 28 AD3d 806, 808 [2006]; *Matter of Addie F.*, 22 AD3d 986, 987 [2005]).

We reach a similar conclusion regarding the marihuana and drug-related paraphernalia found in the child's home. These materials, which law enforcement and DSS officials testified were found within Paige's reach, posed an obvious threat to the child (*compare Matter of Mitchell WW.*, 74 AD3d at 1412-1413, *with Matter of Shannon ZZ.*, 8 AD3d 699, 701 [2004]). Although the father testified that he was unaware that the house guests had brought these materials into the home—having previously instructed them to keep their drugs in their car—this again presented a credibility issue for Family Court's resolution.

---

3. These allegations were not set forth in the neglect petition, and Family Court did not thereafter conform the pleadings to the proof (*see* Family Ct Act § 1051 [b]).

Finally, while the father is correct that a violation of an order of protection, standing alone, is insufficient to establish neglect (*see Matter of Andre G.*, 64 AD3d 913, 915 [2009]; *Matter of Julianne XX.*, 13 AD3d 1031, 1032 [2004]), where, as here, such a violation is combined with other evidence demonstrating a marked lack of parental judgment, i.e., domestic violence and the presence of drugs in a child's home, it is a relevant and appropriate factor to consider in conjunction with the overall finding of neglect. The father's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Rose, J.P., Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.