# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1339**
**CAF 13-01941**
PRESENT: CENTRA, J.P., FAHEY, VALENTINO, WHALEN, AND DEJOSEPH, JJ.


IN THE MATTER OF BENTLEIGH O.
------------------------------------------------
HERKIMER COUNTY DEPARTMENT OF SOCIAL SERVICES,     MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

JACQUELINE O., RESPONDENT-APPELLANT,
AND TINA S., RESPONDENT.

---

TRACY L. PUGLIESE, CLINTON, FOR RESPONDENT-APPELLANT.

JACQUELYN M. ASNOE, HERKIMER, FOR PETITIONER-RESPONDENT.

JOSEPH M. CIRILLO, ATTORNEY FOR THE CHILD, MOHAWK.

---

Appeal from an order of the Family Court, Herkimer County (John J. Brennan, J.), entered September 25, 2013 in a proceeding pursuant to Family Court Act article 10. The order determined the subject child to be abused and neglected.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order adjudicating her child to be an abused and neglected child. After the child was hospitalized for, inter alia, multiple rib fractures, a partially collapsed lung, and eye and ear injuries, petitioner commenced this proceeding alleging that the mother was responsible for the injuries. At the fact-finding hearing, Family Court admitted in evidence, over the mother's objection, medical records from the child's treatment at two hospitals.

As petitioner and the Attorney for the Child concede, the court admitted the medical records in evidence without a proper certification as required by Family Court Act § 1046 (a) (iv) (*see Matter of Kadyn J. [Kelly M.H.]*, 109 AD3d 1158, 1159; *Matter of John QQ.*, 19 AD3d 754, 755-756). That statute provides that, where certification of medical records is completed "by someone other than the head of the hospital[,] . . . [it] *shall* be accompanied by a photocopy of a delegation of authority signed by *both* the head of the hospital . . . and by such other employee" (§ 1046 [a] [iv] [emphasis added]; *see John QQ.*, 19 AD3d at 755-756). Here, the certification was not accompanied by the necessary delegation of authority and, thus, the court erred in admitting the medical records in evidence.

Under the circumstances, however, we deem the court's evidentiary error to be harmless (*see Matter of Arianna M. [Brian M.]*, 105 AD3d 1401, 1401-1402, *lv denied* 21 NY3d 862; *see generally Palmer v Wright & Kremers*, 62 AD2d 1170, 1171). Even excluding the medical records from consideration, we conclude that the court's finding of abuse is supported by a preponderance of the evidence in the record (*see* Family Ct Act § 1046 [b] [i]; *Arianna M.*, 105 AD3d at 1401). The record contains detailed testimony from the two treating physicians who examined the child at each hospital and described the child's extensive injuries. Moreover, other testimony established that the mother twice forcibly squeezed the child's chest, which was consistent with the nonaccidental nature of the child's injuries (*see Matter of Eric CC.*, 237 AD2d 655, 656-657). Also, inasmuch as the mother declined to testify, "the court [was] permitted to draw the strongest possible negative inference" against her (*Matter of Jasmine A.*, 18 AD3d 546, 548; *see Matter of Kennedie M. [Douglas M.]*, 89 AD3d 1544, 1545, *lv denied* 18 NY3d 808).

Finally, we reject the mother's contention that she was denied effective assistance of counsel. "It is axiomatic that[,] because the potential consequences are so drastic, the Family Court Act affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (*Matter of Kelsey R.K. [John J.K.]*, 113 AD3d 1139, 1140, *lv denied* 22 NY3d 866 [internal quotation marks omitted]). Here, "the record establishes that, viewed in the totality of the proceedings, [the mother] received meaningful representation" (*Matter of Jeffrey V.*, 82 NY2d 121, 126; *see Matter of Shannon F.*, 121 AD3d 1595, 1596, *lv denied* ___ NY3d ___ [Jan. 8, 2015]).

Entered: February 6, 2015

Frances E. Cafarell
Clerk of the Court