■ In the Matter of ABBYGAIL H.M.G. ORANGE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHRISTINE Y., Appellant, et al., Respondent. [10 NYS3d 326]—

Appeals from (1) an order of fact-finding of the Family Court, Orange County (Lori Currier Woods, J.), dated December 4, 2013, and (2) an order of disposition of that court, dated December 16, 2013. The order of fact-finding, after a hearing, found that the mother neglected the subject child. The order of disposition, among other things, continued placement of the subject child in the custody of the Orange County Department of Social Services.

Ordered that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as it was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further;

Ordered that the order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding is vacated, and the proceeding is dismissed.

In July 2013, the subject child was removed from the mother's custody after the petitioner received photographs from the child's family members depicting the child, mother, and father sitting together on the front stoop of a building during a family barbeque, in violation of an order of protection that had been issued directing the father to stay away from the child. The petitioner then commenced this child protective proceeding pursuant to Family Court Act article 10 against the mother and father, alleging that the mother neglected the subject child by permitting her to have contact with the father in violation of the order of protection. After a fact-finding hearing, the Family Court, in an order of fact-finding dated December 4, 2013, found that the petitioner established by a preponderance of the evidence that the mother neglected the child by allowing the contact between the child and the father, despite having obtained an order of protection prohibiting such contact. In a subsequent order of disposition, dated December 16, 2013, the Family Court continued the placement of the child in the custody of the petitioner.

"A party seeking to establish neglect of a child must demonstrate, by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]), (1) that the child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired, and (2) that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision and guardianship" (Matter of Kiana M.-M. [Robert M.], 123 AD3d 720, 720-721 [2014]; see Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]).

Here, the petitioner failed to establish by a preponderance of the evidence that the child's physical, mental, or emotional condition had become impaired or was in imminent danger of becoming impaired as a result of her contact with the father at a family barbeque. Although the mother permitted the contact despite having obtained a temporary order of protection against the father, " 'a violation of an order of protection, standing alone, is insufficient to establish neglect' " (Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 745 [2012], quoting Matter of Paige AA. [Anthony AA.], 85 AD3d 1213, 1217 [2011]; see Matter of Julianne XX., 13 AD3d 1031, 1032 [2004]; Matter of Shannon ZZ., 8 AD3d 699, 701 [2004]; cf. Matter of Paige AA. [Anthony AA.], 85 AD3d at 1217; Matter of Thomas M. [Susan

*M.J*, 81 AD3d 1108, 1109 [2011]; *Matter of Angelina W.*, 43 AD3d 1370, 1371 [2007]).

The remaining contention of the petitioner and the attorney for the child is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.