In the Matter of CHOICE I., a Child Alleged to be Neglected. SCHENECTADY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WARREN I., Appellant. [43 NYS3d 526]—

Clark, J. Appeals from three orders of the Family Court of Schenectady County (Powers, J.), entered October 23, 2015, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject child to be neglected.

Respondent is the father of a daughter (born in 2014). In May 2014, shortly after the child's birth, petitioner commenced this neglect proceeding against respondent alleging that the child's physical, mental or emotional condition had been impaired or was in imminent danger of becoming impaired as a result of respondent's "inability to control his anger and self-control," as demonstrated by his history of engaging in domestic disputes requiring police intervention, a 1999 indicated hotline report and his supervised visitation with another of his children.[1] Following a fact-finding hearing, which respondent did not attend, but which was attended by his counsel, Family Court adjudicated the child to have been neglected by respondent and entered an order of fact-finding and disposition, as well as orders of supervision and protection. Respondent appeals.

Contrary to petitioner's assertion, respondent's appeal is not precluded by reason of his failure to move to vacate the orders appealed from, as the orders were not entered upon respondent's default (see CPLR 5511). Respondent's counsel appeared at the fact-finding hearing and, although he did not offer an excuse for respondent's absence, he fully participated in the hearing, having made objections, engaged in cross-examination and moved to dismiss the petition (see Matter of Elliott v Major, 1 AD3d 940, 941 [2003]; Matter of Michelle GG., 261 AD2d 681, 681-682 [1999]; Matter of Konard M., 257 AD2d 919, 920 [1999]).

---

1. The subject child was discharged from the hospital shortly after her birth into the care of petitioner and never came into respondent's care.

As to the merits, petitioner bore the burden of demonstrating, by a preponderance of the evidence, that the child's physical, mental or emotional condition was impaired or was in imminent danger of becoming impaired as a result of respondent's failure to exercise a minimum degree of care (*see* Family Ct Act §§ 1012 [f] [i]; 1046 [b] [i]; *Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [2011]; *Matter of Marcus JJ. [Robin JJ.]*, 135 AD3d 1002, 1004 [2016]). While proof of neglect of one child is admissible to prove that the parent neglected another child (*see* Family Ct Act § 1046 [a] [i]), such evidence "may not provide the sole basis for a determination of derivative neglect unless the parent's past conduct demonstrates fundamental flaws in the parent's understanding of the duties of parenthood—flaws that are so profound as to place any child in his or her care at substantial risk of harm" (*Matter of Alexander Z. [Melissa Z.]*, 129 AD3d 1160, 1163 [2015] [internal quotation marks, brackets and citation omitted], *lv denied* 25 NY3d 914 [2015]; *see Matter of Landon U. [Amanda U.]*, 132 AD3d 1081, 1082-1083 [2015]; *Matter of Jewle I.*, 44 AD3d 1105, 1106 [2007]). Furthermore, the prior neglect determination must be " 'sufficiently proximate in time to reasonably conclude that the problematic conditions continue to exist' " (*Matter of Xiomara D. [Madelyn D.]*, 96 AD3d 1239, 1240 [2012], quoting *Matter of Tradale CC.*, 52 AD3d 900, 901 [2008]; *see Matter of Neveah AA. [Alia CC.]*, 124 AD3d 938, 939 [2015]).

Here, the proof relied upon by petitioner to support its claim of derivative neglect—namely, 1999 and 2010 indicated hotline reports involving different children—was insufficient to support a finding of derivative neglect. Neither the 1999 report nor the 2010 report resulted in a finding of neglect against respondent (*see* Family Ct Act § 1046 [a] [i]; *Matter of Andre G.*, 64 AD3d 913, 914-915 [2009]; *Matter of Desmond LL.*, 61 AD3d 1309, 1309-1310 [2009]).[2] Moreover, the conduct that formed the basis for each of the indicated reports failed to demonstrate that respondent's understanding of the responsibilities accompanying parenthood were fundamentally flawed at the time of this proceeding (*see generally Matter of Natasha RR.*, 27 AD3d 788, 789 [2006]). In addition to its remoteness, the 1999 report was made against the biological parents of the child who was the subject of the report, as well as respondent, who was temporarily residing with the biological parents of the

---

**2.** A neglect petition was filed against respondent following the 1999 report; however, the petition was adjourned in contemplation of dismissal, with a permanent order of protection entered in favor of the child who was the subject of that report.

child at the age of 18, and did not conclusively establish which of the three adults had engaged in the conduct giving rise to the indicated findings. The 2010 report was indicated against respondent and his then-paramour for inadequate guardianship based on the children witnessing domestic violence, conduct that may not necessarily form the basis for a neglect finding (see Nicholson v Scoppetta, 3 NY3d 357, 371-372 [2004]; Matter of Evelyn X., 290 AD2d 817, 820 [2002], appeal dismissed 98 NY2d 666 [2002]; but see Matter of Cheyenne OO. [Cheyenne QQ.], 135 AD3d 1096, 1097 [2016]). Accordingly, inasmuch as petitioner failed to satisfy its burden of proof, Family Court's finding of neglect cannot stand.

In light of our determination, we need not address respondent's further argument that he was deprived of the effective assistance of counsel.

Peters, P.J., Lynch, Devine and Aarons, JJ., concur. Ordered that the orders are reversed, on the law, without costs, petition dismissed and orders of protection and supervision vacated.