■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIHAN QQ., Appellant. [55 NYS3d 536]—

Egan Jr., J. Appeal from an order of the County Court of Albany County (Herrick, J.), entered January 11, 2016, which denied defendant's motion for a conditional order pursuant to CPL 160.58 sealing her criminal record, without a hearing.

In 2008, defendant pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree, a class E felony, in satisfaction of accusatory instruments charging her with multiple drug-related crimes. Under the terms of the plea agreement, defendant agreed to participate in the Albany County Drug Treatment Court program and, if successful, would be permitted to withdraw her felony guilty plea and plead guilty to a misdemeanor. Defendant successfully completed the program and, in 2010, withdrew her original plea and entered a plea of guilty to criminal possession of a controlled substance in the seventh degree, a class A misdemeanor.

In 2015, defendant moved for a conditional order pursuant to CPL 160.58 sealing the record pertaining to her conviction. The People did not oppose the motion, but County Court denied it without conducting a hearing. Defendant now appeals.*

CPL 160.58, which was enacted as part of the Drug Law Reform Act of 2009 (L 2009, ch 56, § 1, part AAA, § 3), provides that criminal defendants who have been convicted of specified offenses, have successfully completed certain drug treatment programs and have served the sentences imposed for such offenses are eligible to have the record of their offenses conditionally sealed (see CPL 160.58 [1]; Peter Preiser, 2009 Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 160.58, 2017 Supp Pamph at 177-178). The decision of whether to grant an application to conditionally seal a criminal record is within the discretion of the sentencing court (see Peter Preiser, 2009 Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 160.58, 2017 Supp Pamph at 178). Notably, CPL 160.58 (3) provides that, in making such determinations, "the court *shall consider* any relevant factors, including but not limited to: (i) the circumstances and seriousness of the offense or offenses that resulted in the conviction or convictions; (ii) the character of the defendant, including his or her completion of [a] judicially sanctioned treatment program . . . ; (iii) the defendant's criminal history; and (iv) the impact of sealing the defendant's records upon his or her rehabilitation and his or her successful and productive reentry and reintegration into society, and on public safety" (emphasis added).

In denying defendant's motion, County Court relied upon the absence of a provision in the plea agreement indicating that defendant's criminal record would be conditionally sealed. However, given that defendant's plea agreement was entered into prior to the enactment of the statute, it could not have included a provision addressing the conditional sealing of her criminal record, and the absence of such a provision is not dispositive. Significantly, CPL 160.58 has been held to be applicable to convictions preceding its enactment (see People v M.E., 121 AD3d 157, 160-161 [2014]). Therefore, County Court should have reviewed defendant's motion in light of the factors set forth in CPL 160.58 (3).

That said, under the particular circumstances presented and given that the record in this matter is complete, we shall consider the motion applying the relevant statutory criteria,

---

* We note that, inasmuch as a motion to conditionally seal a criminal record is a civil matter, this appeal is properly before us pursuant to CPLR 5701 (a) (2) (v) (see People v M.E., 121 AD3d 157, 159 [2014]).

rather than remitting this matter to County Court for that purpose. The record establishes that defendant's misdemeanor conviction is her sole criminal offense, she has not been arrested since 2008, she has successfully completed the drug court program (thereby avoiding incarceration), she has obtained a college degree and maintained gainful employment and she continues to participate in Narcotics Anonymous. Further, although defendant has received a certificate of relief from civil disabilities, her criminal record is likely to be an impediment to both the furtherance of her career and her future employment prospects. In view of the foregoing, and given that the People now concur with the relief requested by defendant, her motion should be granted and the record of her criminal conviction conditionally sealed pursuant to CPL 160.58.

Peters, P.J., McCarthy, Devine and Mulvey, JJ., concur.

Ordered that the order is reversed, on the law, without costs, defendant's motion to conditionally seal the record of her criminal conviction granted, and matter remitted to the County Court of Albany County for compliance with CPL 160.58 (5).