People v Green (2023 NY Slip Op 00703)

People v Green

2023 NY Slip Op 00703

Decided on February 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 9, 2023

533428 
[*1]The People of the State of New York, Respondent,
v
Jordan P. Green, Appellant.

Calendar Date:January 13, 2023 

Before:Egan Jr., J.P., Lynch, Clark, Ceresia and Fisher, JJ. 

Robert N. Gregor, Lake George, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.

Clark, J.
Appeal from an order of the County Court of Washington County (Kelly S. McKeighan, J.), entered February 17, 2021, which denied defendant's motion for a conditional order pursuant to CPL 160.58 sealing his criminal record, without a hearing.
In December 2016, defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of criminal possession of a controlled substance in the third degree. In full satisfaction of that instrument and other uncharged crimes, defendant pleaded guilty with the understanding that he would be sentenced to a prison term of three years followed by two years of postrelease supervision. When the parties appeared for sentencing, County Court afforded defendant the opportunity to participate in a drug court treatment program, as a result of which defendant was sentenced to five years of probation subject to various terms and conditions. Defendant successfully completed the prescribed treatment program in October 2018; defendant's probation was later transferred to Vermont, and in September 2020 he was granted an early discharge from probation.
In February 2021, defendant moved for a conditional order pursuant to CPL 160.58 sealing the criminal record pertaining to his conviction. The People opposed the requested relief, and County Court denied the motion without a hearing. This appeal by defendant ensued.
We affirm. A defendant who has been convicted of a specified offense, has successfully completed a qualifying drug treatment program and has served the sentence imposed for the offense in question is eligible to have his or her record thereof conditionally sealed (see CPL 160.58 [1]; Matter of Jihan QQ., 151 AD3d 1245, 1246 [3d Dept 2017]; People v M.E., 121 AD3d 157, 158-159 [4th Dept 2014]). "The decision of whether to grant an application to conditionally seal a criminal record is within the discretion of the sentencing court" (Matter of Jihan QQ., 151 AD3d at 1246 [citation omitted]). In evaluating such a request, "the court shall consider any relevant factors, including but not limited to: (i) the circumstances and seriousness of the offense or offenses that resulted in the conviction or convictions; (ii) the character of the defendant, including his or her completion of the judicially sanctioned treatment program . . . ; (iii) the defendant's criminal history; and (iv) the impact of sealing the defendant's records upon his or her rehabilitation and . . . successful and productive reentry and reintegration into society, and on public safety" (CPL 160.58 [3]; see Matter of Jihan QQ., 151 AD3d at 1246).
There is no dispute that defendant was convicted of a crime that is eligible for conditional sealing under the statute, that he successfully completed a qualifying drug court treatment program and that he was successfully discharged from the term of probation imposed. Similarly, the People do not challenge defense counsel's assertion that, other than the [*2]instant offense, defendant has no prior criminal history and, between his discharge from probation in September 2020 and the filing of the underlying motion in February 2021, defendant incurred no new arrests.
Although the foregoing factors — as County Court observed — militate in favor of granting defendant's motion, the underlying offense was serious, and the record contains scant evidence of defendant's character and/or the impact that the requested sealing would have upon his rehabilitation. For example, although the record documents defendant's employment history from October 2018 through November 2020, it does not adequately establish that defendant was gainfully employed at the time that the motion was made.[FN1] More to the point, the record does not contain an affidavit from defendant detailing, among other things, his career goals, educational plans, continued efforts at rehabilitation, information regarding his relationship with his family and/or the manner in which the underlying conviction is an impediment to his career or employment prospects (compare Matter of Jihan QQ., 151 AD3d at 1246). Given this lack of proof, as well as the brief five-month interval between defendant's discharge from probation and the filing of the instant motion, we cannot say that County Court abused its discretion in denying defendant's motion to conditionally seal his criminal record.
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant's motion was primarily supported by his attorney's affidavit, which apparently was based upon her conversations with defendant and her "independent investigation." We agree with County Court that such affidavit, which relies — at least in part — upon hearsay, contains no supporting documentation for many of the assertions contained therein and, as such, is insufficient to support the requested relief (see e.g. Matter of Julianne XX., 13 AD3d 1031, 1032 [3d Dept 2004]; compare Szalkowski v Asbestospray Corp., 259 AD2d 867, 868 [3d Dept 1999]).