Matter of Alayah K. (Leopold B.) (2024 NY Slip Op 05101)

Matter of Alayah K. (Leopold B.)

2024 NY Slip Op 05101

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
LAURENCE L. LOVE, JJ.

2023-06536
2023-06538
 (Docket No. N-26214-18)

[*1]In the Matter of Alayah K. (Anonymous). Administration for Children's Services, respondent; Leopold B. (Anonymous), appellant.

Lisa A. Manfro, Glen Cove, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Melanie T. West and Amy McCamphill of counsel), for respondent.
Joan N. G. James, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Kings County (Ben Darvil, Jr., J.), dated February 3, 2023, and (2) an order of disposition of the same court dated March 3, 2023. The order of fact-finding, after a fact-finding hearing, found that the father neglected the subject child. The order of disposition, upon the order of fact-finding and after a dispositional hearing, inter alia, placed the subject child in the custody of the maternal grandmother.
ORDERED that the appeal from the order of fact-finding is dismissed, without costs or disbursements, as the order of fact-finding was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,
ORDERED that the order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding is vacated, the petition is denied, and the proceeding is dismissed.
In October 2018, the petitioner commenced this proceeding against the father, alleging that he neglected the subject child by, inter alia, permitting the child to have contact with the nonrespondent mother in violation of a temporary order of protection dated September 25, 2018. After a fact-finding hearing, in an order of fact-finding dated February 3, 2023, the Family Court found that the father neglected the child by leaving the child overnight with the nonrespondent mother at the home of the maternal grandmother while the temporary order of protection was in effect. After a dispositional hearing, in an order of disposition dated March 3, 2023, the court, among other things, placed the child in the custody of the maternal grandmother. The father appeals.
"In a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of proving neglect by a preponderance of the evidence" (Matter of Janiyah S. [Pedro H.], 226 AD3d 909, 910; see Family Ct Act § 1046[b][i]). "[A] party seeking to establish [*2]neglect must show, by a preponderance of the evidence, first, that a child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (Matter of Leah S. [Barnett V.], 228 AD3d 667, 668 [internal quotation marks omitted]; see Family Ct Act § 1046[b][i]). "[A] violation of an order of protection, standing alone, is insufficient to establish neglect" (Matter of Janiyah S. [Pedro H.], 226 AD3d at 911-912).
Here, the petitioner failed to establish, by a preponderance of the evidence, that the child's physical, mental, or emotional condition had become impaired or was in imminent danger of becoming impaired as a result of her contact with the nonrespondent mother during an overnight stay at the maternal grandmother's home (see Matter of Abbygail H.M.G. [Christine Y.], 129 AD3d 722, 723; Matter of Jada K.E. [Richard D.E.], 96 AD3d 744, 745; cf. Matter of Janiyah S. [Pedro H.], 226 AD3d at 911).
The father's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., WOOTEN, VENTURA and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court